### JOHNSTON et al. v. DAHLGREN.

(Supreme Court, Appellate Division, First Department. June 28, 1898.)

1. ILLEGAL CONTRACT—ENFORCEMENT.

Inasmuch as a contract to do plumbing, by a person who has not registered his name and address or received a certificate of registration, as required by Laws 1892, c. 602, is thereby made unlawful, the courts will not give any aid in enforcing it, and will not permit him to recover anything because he has performed it.

2. SEVERABLE CONTRACTS.

A plumber who had not registered, and procured the necessary certificate contracted to do certain plumbing, and undertook to employ carpenters, masons, and painters to do other work on the premises, which had no necessary connection with the plumbing work. The amount to be paid to each of the latter workmen was a matter between himself and the plumber, acting for the owner, and depended upon the amount of his work and its value; and the payment to persons employed in different kinds of work had no relation whatever to the amount to be paid to a man employed in any other kind of work. Held, that the contract was severable, so that the invalidity of the contract for plumbing work did not prevent a recovery for the other work.

Ingraham, J., dissenting.

Appeal from special term, New York county.

Action by James R. Johnston and another against John Vinton Dahlgren. From a judgment entered on the report of a referee, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and INGRAHAM, JJ.

George C. Lay, for appellants.
Abram I. Elkus, for respondent.

RUMSEY, J. The plaintiffs are master plumbers engaged in business in the city of New York, and were such in the month of December, 1894. The defendant was the owner of a house in Fifty-Sixth street, in that city; and in the month of December, 1894, he employed the plaintiffs to do some plumbing in that house. Conversations were had with regard to the amount and cost of the work, which was estimated at that time to be considerably less than afterwards was expended upon it. The plaintiffs undertook the work, but it was speedily ascertained that, in addition to the plumbing, a large amount of carpenter work and painting would be necessary; and the defendant employed the plaintiffs to procure that work to be done as it might be required. The plaintiffs proceeded with the work until it was finally finished, about the 16th day of February, 1895. The whole cost of the work amounted to $7,854.89. There was paid upon it from time to time, in cash payments and by offsets which were allowed to the defendant, the sum of $5,229.11, leaving a balance unpaid of $2,625.78, as is claimed by the plaintiffs. This sum not having been paid, the plaintiffs, on the 2d of April, 1895, filed a mechanic's lien against the house, which this action was afterwards begun to foreclose. Upon the trial the serious question litigated in addition to the value of the work was whether the contract with the plaintiffs was a valid one, so that they were entitled to recover the amount of the bill. It appeared that the plaintiffs were master or employing plumbers, and that a very large portion of the claim which they made was for work done and materials furnished by them in that business. The plaintiffs, although they had a certificate of competency to do work as plumbers under the provisions of chapter 602 of the Laws of 1892, had never registered their names and addresses at the office of the board of health, or received a certificate of such registration, as required by that statute; and the defendant claimed that, as the statute in terms made it unlawful for any person to carry on or engage in trade or business of an employing plumber in any of the cities of the state unless his name and address had been registered with the board of health, as required (Laws 1892, c. 602, § 6; Laws 1893, c. 66), they were not entitled to recover for the work thus made unlawful by the statute. Upon the trial the referee held that the contract by the plaintiffs to do the plumbing was unlawful, because they had not complied with the statute cited above; that the contract was an entire contract, and therefore the whole of it was unlawful; and that for that reason the plaintiffs were not entitled to recover anything, either

upon the plumbing contract or the contracts for painting and carpenter work which they had procured to be done. And, from the judgment entered upon this report, this appeal is taken.

It is objected by the plaintiffs, in the first place, that the invalidity of the contract is not sufficiently pleaded. The answer sets up as a separate defense that at the time set forth in the complaint during which the plaintiffs claim to have performed work, labor, and services for the defendant, and furnished materials, the plaintiffs had failed to register their names with the board of health of the city of New York. No objection was taken to this pleading before the trial. It must be read in connection with the complaint by which the plaintiffs sought to recover for plumbing as well as other things. It was not necessary for the defendant to set out the statute, which the court was bound to take notice of. It was simply necessary to set up those facts which were required to enable the court to see that the plaintiffs, as to a portion of this work at least, were required, before they could undertake it, to register their names and addresses with the board of health of the city of New York; and, when the defendant had alleged that this was not done, the invalidity of the contract to do plumbing necessarily followed as a conclusion of law, from the provisions of the statute of which the court was bound to take notice. While, therefore, the pleading is not to be commended for its form, and might have been more explicit, yet it is sufficient at this stage of the action to raise the question presented by the defendant, and upon which the case was decided by the referee. In express terms, the statute provides that it shall not be lawful for any person to engage in or carry on the trade, business, or calling of an employing or master plumber in any of the cities of this state, unless his name and address should have been registered as above prescribed. It has been determined that this statute is constitutional. People v. Warden of City Prison, 144 N. Y. 529, 39 N. E. '686. It hardly needs the citation of authorities to establish the proposition that, as the contract to do plumbing under these circumstances is unlawful, the courts will not give any aid in enforcing it, and will not permit a person to recover anything because he has performed it. Broom, Leg. Max. (2d Ed.) 576; Leavitt v. Palmer, 3 N. Y. 19. So far as the nlumbing is concerned, therefore, the plaintiffs, clearly, were not entitled to recover in this action. But the referee went further, and held that the contract was an entire contract; that, as a portion of it was void, the whole was void; and that, therefore, the plaintiffs were not entitled to recover anything. The evidence shows that the plaintiffs were first employed to do the plumbing in the house; that, almost immediately after the work was begun, it was ascertained that a large amount of work of other kinds would be necessary before the house could be put in condition to occupy. This work consisted of carpenter and mason work and plastering and painting. In no sense could this be said to be incidental to the plumbing, because it appears that it largely consisted in the removal of partitions and other changes in the interior of the house, which had no necessary connection with the plumbing work done exclusively by the plaintiffs.

This work, except the plumbing, was done by persons who were employed for that particular purpose by the plaintiffs, under the instructions of the defendant; and while the plaintiffs, having employed them, were bound to pay them, they incurred no liability to the other workmen not engaged in plumbing by reason of the plumbing contract, but the liability to these workmen grew out of their employment to do the kind of work which they did in order to complete the house in respect of matters which were entirely independent of the plumbing, and had nothing to do with it. The amount to be paid to each one of these workmen was a matter between himself and the plaintiffs acting for the defendant. It depended upon the amount of his work, the time taken in it, and its value; and the payment to persons employed in different kinds of work had no relation whatever to the amount to be paid to a man employed in any other kind of work. The contract in that regard clearly was a severable contract, within the definition given of that kind of a contract in the text-books and the authorities, in which a contract is said to be severable when the part to be performed consists of several distinct and separate items, and the price to be paid is proportioned to each item, or is left to be implied by law. 2 Pars. Cont. p. 517; Ming v. Corbin, 142 N. Y. 340, 37 N. E. 105. The conclusion of the referee, therefore, that the plaintiffs were entitled to recover nothing, because this contract was entire, and thus void in all its parts, cannot be sustained.

The plaintiffs claim, also, that the payments which were made upon the work from time to time were applied by them upon the plumbing, and should be credited upon that, and that for that reason they are entitled to recover the difference between the amount of the other work and the remnant of payments applicable upon that work, after the plumbing has been fully paid for. It is unnecessary to consider this contention. Whether the payments which were confessedly made upon general account were sufficient, after paying the legal items to which they should be first applied (Huffstater v. Hayes, 64 Barb. 573), to make any material reduction upon the amount claimed for plumbing, and how much, if any, should be applied upon the plumbing, can only be made to appear by testimony taken upon that point upon the new trial which it is necessary to order, and need not be considered here.

For the error of the referee above stated, however, a new trial must be ordered before another referee, with costs to the appellant to abide the event. All concur, except INGRAHAM, J., dissenting.

INGRAHAM, J. I concur with Mr. Justice RUMSEY in the reversal of this judgment, but I do not concur in the conclusion that a plumber who has not complied with the provisions of chapter 602 of the Laws of 1892 to do plumbing work cannot, after the contract has been performed and the work furnished under it, recover from the other party to the contract for the work and materials that have been actually furnished. This act in question is entitled "An act to secure the registration of plumbers and the supervision of plumbing and drainage in the cities of the state of New York," and the act provides

a method by which those wishing to engage in the business of plumbing in the said cities shall be examined by a board to be appointed by the mayor in each of the cities of the state, who shall issue a certificate of competency to all such persons who shall have submitted to and passed a satisfactory examination before such board. By section 5 of the act it is provided that:

"Any person desiring or intending to conduct the trade, business or calling of a plumber or of plumbing, in any of the cities of this state as employing or master plumber shall be required to submit to an examination before such board of examiners as to his experience and qualifications in such trade, business or calling; and after the first day of March, eighteen hundred and ninety-three, it shall not be lawful in any city of this state for any person to conduct such trade, business or calling, unless he shall have first obtained a certificate of competency from such board of the city in which he conducts, or proposes to conduct such business."

By section 6 of the act it is provided that:

"After the first day of March, eighteen hundred and ninety-three, it shall not be lawful for any person to engage in, or carry on the trade, business or calling of an employing or master plumber in any of the cities of this state unless his name and address shall have been registered [as provided in the section]."

By section 13 of the act it is provided:

"Any person violating any of the provisions of this act or any rules and regulations of the board of health, or of the board of examiners in any city regulating the plumbing and drainage of buildings of such city, shall be deemed guilty of misdemeanor, and, upon conviction, if a master plumber, shall, in addition, forfeit any certificate of competency or registration, which he may hold under the provisions thereof."

Prior to the passage of this act it was legal for any one to conduct the business of a plumber without any examination or registration. By this act it was first provided that it shall not be lawful for any person in any city of this state to conduct the trade, business, or calling of a plumber unless he shall have first obtained a certificate of competency from the board of the city in which he conducts or proposes to conduct such business, and which provides a penalty for a violation of the provisions of the act by making a person violating it guilty of a misdemeanor, and also forfeiture of the certificate and registration under the act. Here the statute first provides that an act which before had been legal shall be illegal, and provides a penalty for a violation of its provisions. Upon familiar principle, where a statute declares an act which was before legal to be illegal, and provides a penalty for a violation of the statute, that penalty is exclusive. This act does not provide, where a contract is made by a person carrying on such a business as is there declared to be illegal, that he should, in addition to the penalty prescribed by the act, forfeit to any one with whom he made the contract the value of the labor and materials that he had furnished to such person under the contract; and I do not think that any such penalty follows upon the violation of the act. Such agreements, while executory in their character, might be incapable of enforcement; but when the contract has been executed, and the work and material actually provided, one of the parties thus receiving the benefit of the labor and materials of the other, the mere fact that it is

illegal for one of the parties to do the work that he did, and for which a penalty is imposed by the statute making it illegal, is not a defense to an action to recover for the value of the work and materials furnished under such a contract.

For the reasons here stated, I concur in the reversal of the judgment.