(39 Misc. Rep. 93.)

### WHITELEY v. TERRY.

(Supreme Court, Trial Term, New York County.  October, 1902.)

1. REAL ESTATE COMMISSIONS—RIGHT TO RECOVER.
    Where a real estate broker of a city of the first or second class sells real property without the written authority of the owner, he can recover no commissions; the transaction being illegal, under Laws 1901, c. 128, § 640d, providing that in such cities any person offering for sale real property without such authority shall be guilty of a misdemeanor.

Action by John W. Whiteley against Seth S. Terry to recover broker's commission. Verdict for plaintiff. Motion to set the verdict aside and for a new trial. Granted.

Charles W. Coleman, for plaintiff.
McKelvey & Mattocks (John L. Hill, of counsel), for defendant.

CLARKE, J.   Action to recover a broker's commission upon a sale of real estate.  At the close of plaintiff's case a motion was made to dismiss the complaint upon the ground that, by chapter 128 of the Laws of 1901, section 640d had been added to the Penal Code, as follows:  "In cities of the first and second class, any person who shall offer for sale any real property without the written authority of the ·owner of such property, or of his attorney in fact, appointed in writing, oř of a person who has made a written contract for the purchase of such property with the owner thereof, shall be guilty of a misdemeanor;" that the proof established that, if any authority had been given to the broker, it had not been in writing, and that therefore his action in offering the property for sale was illegal, to wit, a crime; and that an action would not lie to recover compensation for doing an act which the statute declares to be a misdemeanor.  As the action was being tried as a short cause, the statute recent, and the point novel, time was not afforded for its proper consideration.  The motion was therefore denied.  The court stated, however, that the point would be reserved and examined upon the motion for a new trial.  The case thereupon proceeded, and upon sharply conflicting testimony the jury returned a verdict for the plaintiff for the full amount of the commission claimed.  This is a motion to set aside that verdict and for a new trial.  In Johnston v. Dahlgren, 31 App. Div. 204, 52 N. Y. Supp. 555, the plaintiffs were master plumbers, and had completed their contract. Although they had a certificate of competency to do work as plumbers under the provisions of chapter 602 of the Laws of 1892, they had never registered their name and address at the office of the board of health, or received a certificate of said registration, as required by that statute.  The court said:

"In express terms, the statute provides that it shall not be lawful for any person to engage in or carry on the trade, business, or calling of an employing or master plumber, in any of the cities of this state, unless his name and address should have been registered as above prescribed. * * * It hardly needs the citation of authorities to establish the proposition that, as the contract to do plumbing under these circumstances is unlawful, the courts will not give any aid in enforcing it, and will not permit a person to recover anything because he has performed it."

The court of appeals in this same case (166 N. Y. 357, 59 N. E. 987) said:

"There can be no doubt that the effect of the violation of the statute was to preclude them from enforcing a recovery upon their contracts."

In Fox v. Dixon, 34 N. Y. St. Rep. 710, 12 N. Y. Supp. 267, which was an action to recover for medical services, it was not disputed that the physician had not filed the certificate required by chapter 513 of the Laws of 1880, which forbade any person to practice medicine without registry, and declared the person who did so guilty of a misdemeanor.  The court said:

"It is a settled principle that one cannot recover compensation for doing an act to do which is forbidden by law and is a misdemeanor.  The contrary rule would make an absurdity.  It would permit one to hire another to commit a misdemeanor, and would compel the payment of the contract price for doing what the law forbids.  Whether this statute is wise or not, we cannot examine. * * * We must give effect to it.  And we

cannot permit a recovery of compensation for doing an act which this statute declares to be a misdemeanor."

The above case is cited with approval and followed, and the same point decided, in Accetta v. Zupa, 54 App. Div. 33, 66 N. Y. Supp. 303, and Ottaway v. Lowden, 55 App. Div. 410, 66 N. Y. Supp. 952, and there are many other cases to the same effect. In each of those cases there was no dispute as to the making of the contract and the performance of the work, labor, or service. In the case at bar the defendant denied both the making of the contract and the performance of the services. While it may be said that the verdict of the jury resolved both of those propositions in favor of the plaintiff, yet it is undoubtedly true that the very reason for the enactment of this recent statute was the fact that these disputes between owners and brokers had been most frequent. It may be considered, perhaps, as a new statute of frauds. If there had been a written authorization, this particular dispute would not have arisen. As plaintiff is suing upon a state of facts condemned by the statute as illegal, upon a transaction declared to be a misdemeanor, the motion should have been granted, and the complaint dismissed. I must therefore grant the motion to set aside the verdict and for a new trial, but, as the ground therefor is one of law, without costs.

Motion granted, without costs.