(82 App. Div. 25.)

### SCHNAIER v. NAVARRE HOTEL & IMPORTATION CO.

(Supreme Court, Appellate Division, First Department.  April 9, 1903.)

1. PLUMBERS—REGULATION.

> Building Code, adopted in pursuance of Laws 1896, p. 1052, c. 803,
> subd. 88, par. 25, requires master plumbers engaged in business in New
> York City to register in the department of buildings, and declares that
> such plumbers, to be entitled to registration, shall hold a certificate of
> competency from the examining board.  Subdivision 3 provides that no
> copartnership shall engage in or carry on the business of employing or
> master plumber in the city of New York unless the name and address
> of each and every member of such copartnership shall have been reg-
> istered as above provided.  *Held*, that where a firm was conducting the
> business of master plumber in the city each member of such firm was
> required to possess a certificate of competency and be registered, not-
> withstanding the only duties performed by one of the members thereof
> was the keeping of the firm's books and the carrying on of its financial
> affairs:

2. SAME—WORK AND LABOR.

> Where one of the members of a partnership engaged in plumbing in
> the city of New York did not hold a certificate of competency from the
> examining board of plumbers of the city, as required by Building Code,
> par. 25, subd. 3, the firm could not recover for work done.
>
> Ingraham, J., dissenting.

Submission of controversy on an agreed statement of facts be-
tween Robert Schnaier and the Navarre Hotel & Importation Com-
pany.  Judgment for defendant.

Argued before VAN BRUNT, P. J., and HATCH, PATTER-
SON, O'BRIEN, and INGRAHAM, JJ.

Milton Mayer, for plaintiff.

Jacob H. Shaffer, for defendant.

HATCH, J.  The facts agreed upon show that the defendant is
a domestic corporation, engaged in the hotel business in the city
of New York; that the plaintiff's assignors, Milton Schnaier and
Louis Schnaier, as copartners, were engaged in the plumbing busi-
ness in the city of New York under the firm name of Milton Schnaier
& Co., and as such firm carried on the business of master plumbers;
that at the city of New York between the 16th day of October, 1900,
and the 15th day of December, 1900, the said firm performed work,
labor, and services for the defendant at and for the agreed price and
reasonable value of $230.85, which said work, labor, and services con-
sisted of plumbing, and that in the performance thereof, and in fur-
nishing materials therefor, the said firm acted solely as employing
or master plumbers; that the said firm of Milton Schnaier & Co.
duly assigned their claim for such work to this plaintiff, who now is

the lawful owner and holder thereof; that at all the times heretofore mentioned the laws of the state of New York (chapter 327, p. 690, Laws 1900, and chapter 803, Laws 1896, p. 1052), entitled "An act in relation to plumbing in the city of New York," were operative, and are referred to and made a part of such submission; that the building code of the city of New York, duly adopted in accordance with law, in force at the times above mentioned, among other things provided as follows:

"Par. 25, subdivision 88. Once in each year, every employing or master plumber carrying on his trade, business or calling in the city of New York, shall register his name and address at the office of the department of buildings in said city under such rules and regulations as said department shall prescribe and as hereinafter provided. And thereupon he shall be entitled to receive a certificate of such registration. from said department, provided, however, that such employing or master plumber shall, at the time of applying for such registration, hold a certificate of competency from the examining board of plumbers of said city. * * *"

"Subdivision 3. After this code takes effect, no person, corporation or co-partnership shall engage in, or carry on the trade, business or calling of employing or master plumber in the city of New York, unless the name and address of such person and the president, secretary or treasurer of such corporation and each and every member of such copartnership shall have been registered as above provided."

That the rules and regulations of the department of buildings of the city of New York, in force at the time above mentioned, required that once in each year every employing or master plumber, carrying on his business or calling in the city of New York, should file his application for registration in the department of buildings of said city and at the time of such application to present his certificate of competency from the examining board of plumbers of said city, and after approval of such application by the said department of buildings to register his name and address at the office of said department of buildings, and said rules and regulations applied to each and every member of any partnership carrying on the trade or business of employing or master plumbers in the city of New York; that at the time above mentioned the said Milton Schnaier was registered as required by the laws and ordinances above mentioned, but Louis Schnaier, the other member of such copartnership, was not at the times above mentioned registered pursuant to said laws and ordinances, nor did he hold a certificate of competence from the examining board of plumbers of the city of New York, nor was he entitled to be registered under said laws and ordinances; that the said Milton Schnaier, as a member of said copartnership, exclusively superintended and attended to the plumbing work of said firm, and the said Louis Schnaier, as a member of such copartnership, exclusively attended to keeping its books, and carrying on and attending to its financial affairs.

The rules contained in the building code relating to the subject-matter of this submission are in all substantial respects a copy of the provisions of the statute regulating such subject. Section 1, c. 803, p. 1052, Laws 1896, in terms provides that "after the passage of this act it shall not be lawful for any person or copartnership to engage in, or carry on the trade, business or calling of employing or master

plumber in the city of New York, unless the name and address of such person and of each and every member of such co-partnership shall have been registered," as provided in the preceding provisions of that section. Chapter 327, p. 690, Laws 1900, codified the provisions relating to plumbing, drainage, and other matters, and made general provisions for all cities throughout the state. By section 57 of that chapter, however, it is provided that nothing contained therein shall supersede or affect any of the provisions of chapter 803 of the Laws of 1896, relating to plumbing in the city of New York. The above-quoted provision of the act of 1896 must, therefore, govern in the disposition of the question presented by this submission.

The language quoted construes its effect. The provision applies to each and every member of the copartnership, and each member is required to possess a certificate of competency from the examining board of plumbers and be registered. There is no exception in favor of a copartner who does not engage in the practical business of plumbing, nor does the act authorize the business to be carried on by a copartnership where one only of the partners has complied with the provisions of law authorizing him personally to conduct the business of a master plumber or of employing master plumbers. The language of the statute is absolute and mandatory that each member of the copartnership shall possess the qualifications which the law requires before engaging in such business, and until each member is so qualified the copartnership is not authorized to engage therein. The regulations prescribed by the act and the rules adopted pursuant thereto are in the nature of a police regulation for the protection of the public health, and as such it is a constitutional enactment. People ex rel. Nechamcus v. Warden, etc., 144 N. Y. 529, 39 N. E. 686, 27 L. R. A. 718. A compliance with the law is a condition precedent to the right to recover for work done. Johnston v. Dahlgren, 31 App. Div. 204, 52 N. Y. Supp. 555; Id., 48 App. Div. 537, 62 N. Y. Supp. 1115, affirmed on appeal 166 N. Y. 354, 59 N. E. 987.

As it is conceded that one of the copartners had not complied with the law, and as compliance therewith is an essential prerequisite to a right of recovery for the work done, it necessarily follows that the plaintiff is not entitled to recover.

Judgment should therefore be directed for the defendant upon the submission, with costs.

VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ., concur.

INGRAHAM, J. (dissenting). I do not think that the copartner not registered engaged in or carried on the trade, business, or calling of a master plumber in the city of New York, within section 1, c. 803, p. 1052, Laws 1896. It is not stated that he has anything to do with the trade or calling. It was the registered member of the copartnership who did the work. This provision of the statute is highly penal, and should be strictly construed. I think the plaintiff is entitled to judgment.