CULLEN, Ch. J., GRAY, O'BRIEN, HAIGHT, VANN and WERNER, JJ., concur.

Judgment of conviction affirmed.

---

ROBERT SCHNAIER, Appellant, v. NAVARRE HOTEL AND IMPORTATION COMPANY, Respondent.

1. CONSTITUTIONAL LAW — INVALIDITY OF PROVISION OF CHAPTER 803, LAWS OF 1896, RELATING TO REGISTRATION OF EACH MEMBER OF FIRM ENGAGED IN BUSINESS OF EMPLOYING OR MASTER PLUMBER IN THE CITY OF NEW YORK. Chapter 803 of the Laws of 1896, providing that it shall be unlawful for a copartnership in the city of New York to engage in the business of employing or master plumber unless *each and every member thereof shall have been registered,* after examination and certification by an examining board of plumbers, so far as it prohibits the right to form a partnership for the purpose of carrying on the lawful business of employing or master plumbers is unconstitutional; nor can it be sustained as a valid exercise of the police power of the legislature for the reason that the registration of the firm as such or for the registration of one or more members of the firm who are skilled plumbers to act for the firm would be a sufficient protection to the public from all the dangers that the legislation was supposed to prevent or mitigate.

2. NON-REGISTRATION OF ONE MEMBER OF FIRM NO DEFENSE TO ACTION BY FIRM FOR WORK PERFORMED IN VIOLATION OF THE STATUTE. The fact, therefore, that one member of a firm in the city of New York, acting solely as master plumber, is not a licensed plumber and is not registered pursuant to the statute and the city ordinances in regard to licensed or registered plumbers and is not entitled to be so registered, his

duties being confined exclusively to attending to the financial affairs of the firm and keeping the books, does not preclude a recovery by the firm for work performed in violation of the statute.

*Schnaier* v. *Navarre Hotel & Importation Co.,* 82 App. Div. 25, reversed.

(Submitted April 28, 1905; decided June 6, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 15, 1903, in favor of defendant upon the submission of a controversy under section 1279 of the Code of Civil Procedure.

The nature of the controversy and the facts, so far as material, are stated in the opinion.

*Milton Mayer* and *J. Ard Haughwout* for appellant. The statutes of this state regulating the trade or calling of plumbing have not changed the common law in so far as to defeat the plaintiff's right to recover. (Potter's Dwarris on Stat. 185; *Bertles* v. *Nunan,* 92 N. Y. 152; *People* v. *Warden,* 144 N. Y. 537; *Raymond* v. *Chase,* Burr. 2; *Candler* v. *Candler,* 6 Madd. 145; *Swan* v. *Scott,* 23 U. C. Q. B. 434; *Turner* v. *Reynall,* 14 C. B. 328.) Chapter 803, Laws of 1896, and subdivision 3 of paragraph 25 of the Building Code of the city of New York, based thereon, are unconstitutional and void in so far as they prohibit an unlicensed person from forming a partnership with a licensed plumber. (U. S. Const. 14th amend.; Const. of N. Y. art. 1, § 6; *People ex rel. Nechamcus* v. *Warden,* 144 N. Y. 529; *Matter of Jacobs,* 98 N. Y. 98; *B. U. Co.* v. *C. C. Co.,* 111 U. S. 746; *L. S., etc., Assn.* v. *C. C., etc., Co.,* 1 Abb. [N. S.] 388; *People* v. *Marx,* 99 N. Y. 377; *People* v. *Gillson,* 109 N. Y. 389; *Colon* v. *Lisk,* 153 N. Y. 188; *Slaughter House Cases,* 16 Wall. 36; *Corfield* v. *Coryell,* 4 Wash. C. C. 380; *Yick Wo* v. *Hopkins,* 118 U. S. 356.)

*Jacob H. Shaffer* and *Claude L. Coon* for respondent. Section 1 of chapter 803, Laws of 1896, is a complete bar to the plaintiff's right to recover herein. (*People ex rel. Nechamcus* v. *Warden,* 144 N. Y. 529; *Johnston* v. *Dahlgren,* 166

N. Y. 354.) The requirements of chapter 803 of the Laws of 1896 are clearly within the police power of the state, and are not in contravention of the Constitution of the United States or of the state of New York. (*Patterson* v. *Kentucky*, 97 U. S. 501; 22 Am. & Eng. Ency. of Law [2d ed.], 922; Tiedeman on State & Federal Control, 247; *People ex rel. Nechamcus* v. *Warden*, 144 N. Y. 529; *People* v. *Lochner*, 177 N. Y. 145.)

O'Brien, J. The learned court below directed judgment for the defendant on a submission of facts under section 1279 of the Code. The facts agreed upon are as follows:

A firm composed of two persons in the city of New York performed certain work and furnished certain materials for the defendant at the agreed price and reasonable value of two hundred and thirty 85-100 dollars. The work and materials done and furnished consisted of plumbing work, and the firm acted solely as master plumbers. That firm assigned the claim to the plaintiff.

One member of the firm was not a licensed plumber, nor registered pursuant to the statute of the state and the city ordinances in regard to licensed or registered plumbers, nor was he entitled to be registered under said laws and ordinances; his duties as a member of the firm were confined *exclusively* to attending to the financial affairs of the firm and keeping the books.

The duties of the other member of the firm were confined *exclusively* to superintending and attending to the plumbing work of the firm, and he was duly registered as required by the statute and city ordinances on that subject. The only defense to the claim is that both members of the firm were not registered as plumbers, but only one of them, the other not being a plumber at all, but the financial or business member of the firm.

This court has held that the failure of a plumber to register as required by the statute precludes him from recovering for work performed in violation of the statute. (*Johnston* v.

*Dahlgren,* 166 N. Y. 354.) That case, however, throws no light upon this case·where the work was done by a firm, one of whom was registered and qualified, the other not. The English courts have held, when dealing with statutes of similar character and applying them to partnerships, that a case like this is not within the statute. (*Raynard* v. *Chase,* 1 Burr, 2 ; *Turner* v. *Reynell,* 14 C. B. [N. S.] 328 ; *Candler* v. *Candler,* Madd. & Geld. 141.) Practically the same thing was held by this court. (*Harland* v. *Lilienthal,* 53 N. Y . 438.) It does not appear that the partner who was not registered engaged in the·trade or calling of a plumber at all. He had nothing to do with the trade or calling. He was the financial member of the firm. The registered member did the plumbing work and the purpose of the statute was to have persons of skill to do such work. The English cases cited above hold that the purpose of the act is satisfied when one member of the firm, who does the work, has the statutory qualifications. That is enough, and since such statutes change the common law and are highly penal they should be strictly construed. I should be inclined to follow these cases but for the broad language of our statute.

The law of 1896 (Ch. 803) applies to the city of New York only. It is there provided that every employing or master plumber shall be registered once a year but in order to be registered he must hold a certificate of competency from the examining board of plumbers of the city. That it shall not be lawful for any person or copartnership to engage in, or carry on the trade, business or calling of employing or master plumber unless the name and address of such persons and of *each and every member of such copartnership shall have been registered as above provided.* This statute and the building code enacted by the city in pursuance of it, and which has the force of law, are doubtless broad enough to cover this case. The case is clearly within the letter of the law, but I am not so sure that it is within the spirit and purpose of the law. However, it would savor somewhat of judicial legislation to attempt to take this case out of it. If

the law is valid it would seem to control this case whether it is wise or unwise. The English courts have often indulged in what we would call judicial legislation for the reason that Parliament is not restricted by any written constitution as is the case with us. Hence, the courts in that country are at liberty to construe statutes in such a way as to make them conform to reason, justice and common sense, and they have seldom failed to find a way to give to an absurd law some semblance of reason and justice in its practical operation. That is what Lord Mansfield did in the leading case of *Raynard* v. *Chase* (*supra*).

But I do not think that the statute upon which the judgment in this case rests is a valid law for the reason that it is in conflict with constitutional restrictions.

Both the Federal and State Constitutions provide that no person shall· be deprived of life, liberty or property without due process of law, and these restrictions upon legislative power have been given a very wide application.

In the case of *People ex rel. Nechamcus* v. *Warden, etc.* (144 N. Y. 529), the statute (Laws 1892, ch. 602) was held to be constitutional as an exercise of the police power for the protection of health. There was a strong dissent, but a bare majority of the court concurred in holding that the statute was valid. I will, therefore, assume that the validity of that statute is no longer open to question, the decision of this court having removed it from the domain of debate. But that is not the statute that stands in the plaintiff's way in this case. It is another and later statute. In fact, the statute then considered by the court was repealed by chapter 327 of the Laws of 1900 (secs. 40–57). The latter statute differs but little from the former and there is nothing in either of them that would . prevent the plaintiff from recovering in this case. It is the act of 1896 alone that stands in the way of the plaintiff's right of recovery, since by the first section of that act it is made unlawful for any copartnership to engage in or carry on the trade, business or calling of employing or master plumber unless the name and address of *each and every*

*member of the firm* shall have been registered. In this case only one of the two members of the firm was registered and he attended to the plumbing work. The other member was the financial man and was not registered and could not be registered since he was not a plumber and could not stand the required examination, but it is because he was not registered that the plaintiff has been defeated in this case. Of course, that means that a firm constituted as this firm was cannot recover for their work unless both of the members comply with an impossible regulation.

The right to follow any lawful pursuit is one of the inalienable rights of a citizen of the United States, and a law which prevents or hinders a man from going into partnership with another for the purpose of carrying on the trade, business or calling of employing or master plumbers, infringes his natural rights as secured by the Constitution.

There is no more sacred right of citizenship than the right to pursue unmolested a lawful employment in a lawful manner. It is nothing more nor less than the sacred right of labor.

All laws, therefore, which impair or trammel these rights, which limit one in his choice of a trade or profession, or confine him to work or live in a specified locality, or exclude him from his house or restrain his otherwise lawful movements, are infringements upon his fundamental rights of liberty, which are under constitutional protection.

The common business and callings of life, the ordinary trades and pursuits which are innocent in themselves, and have been followed in all communities from time immemorial, must, therefore, be free in this country to all alike upon the same terms.

The liberty of pursuit, the right to follow any of the ordinary callings of life, is one of the privileges of a citizen of the United States.

These propositions are taken from some of the numerous cases on the subject and they are now so familiar that it is scarcely necessary to cite the cases where they may be found.

(*Butchers Union Co.* v. *Crescent City Co.*, 111 U. S. 746; *Yick Wo* v. *Hopkins*, 118 U. S. 356; *Slaughter House Case*, 16 Wall. 36, 106; *Colon* v. *Lisk*, 153 N. Y. 188; *People* v. *Gillson*, 109 N. Y. 389; *People* v. *Marx*, 99 N. Y. 377; *In re Jacobs*, 98 N. Y. 98.)

The recent case of *Lochner* v. *State of New York* (198 U. S. 45) is far reaching in its scope and effect. The principle that the individual right to make contracts in relation to business is a part of that liberty protected by the Constitution was asserted and maintained, and a statute of this state which made it a penal offense for a master to permit his servant to work more than ten hours in the day has been held to be in conflict with that right, and was, therefore, unconstitutional and void. That case amply vindicates the right of the individual to freedom in the conduct of any legitimate business and his right to make contracts concerning the same.

It cannot be denied that the statute in question operates to prohibit two persons, situated as the firm in this case was, to enter into partnership for conducting a legitimate business.

It prohibits a business man, with financial means and business ability, and a registered master plumber, with the requisite mechanical skill, from uniting the financial and business ability of the one with the energy and mechanical skill of the other in a partnership for conducting a legitimate business. The right to form partnerships for the conduct of business has existed from time immemorial and any interference with that right must be regarded as an unwarranted interference with individual freedom condemned by the Constitution. The feature of the statute to which I have referred would deprive a firm engaged in the plumbing business, composed of half a dozen persons, from enforcing contracts and collecting their bills for work done unless they could show that each and every member of the firm was a registered plumber, and if, as in this case, it was impossible for one of them to become registered, the firm must dissolve. A law that produces such results in its operation cannot be valid.

In the case of *People ex rel. Nechamcus* v. *Warden, etc.*

(*supra*), when the general plumbing statute first came before this court Judge Gray, who wrote for the majority of the court, used the following very significant language concerning the law then before the court. The italics are my own.

"It seems to me that the constitutionality of this act is to be tested by its effect upon the citizen's right to pursue a lawful employment. If it imposes an *arbitrary restriction* and if it has no reference to the welfare and health of the people, it must be condemned. *I am not unwilling to concede that the act skirts pretty closely that border line,* beyond which legislation ceases to be within the powers conferred by the people of the state, through the Constitution, upon its legislative body."

If the statute then under consideration "skirted pretty closely that border line" what is to be said of the later statute upon which this case rests? The former act merely provided that every person who actually carried on the business or trade of master plumber should be registered. What the act now under consideration does or attempts to do has been clearly shown. It goes far beyond the line which the first act skirted closely, and cannot be sustained as a valid exercise of legislative power. It is not within any reasonable or proper exercise of the police power, since a provision for the registration of the firm as such, or for the registration of one or more members of the firm who were skilled plumbers to act for the firm, would be a sufficient protection to the public from all the dangers that the legislation was supposed to prevent or mitigate. The judgment should be reversed and judgment directed for the plaintiff on the submission, with costs in all courts.

Gray, J. I vote for the reversal of this judgment. The legislature has the power to require of a person, before he engages in the work of a plumber, or as a master, or employing, plumber, that he should be examined, and registered, as to his competency. It was so held in *People ex rel. Nechamcus* v. *Warden etc.* (144 N. Y. 529), and, for reasons which

were there expressed, such legislation seems to me to be properly within the exercise of the legislative prerogative, as a measure in the interest of the public health. But I am clear in my opinion that the legislature cannot prevent an association of persons in a partnership from carrying on the plumbing business, because some of the partners, although having nothing to do with the plumbing work, or its supervision, are not registered as plumbers. That would be an unjustifiable interference with fundamental rights, against which the Constitution furnishes a guaranty. The question turns, as I think, upon the act of 1900, and it is not, when reasonably read, open to such a construction. The act continued to require, as did the original act of 1892, examination and registration as before; but, only, as to such persons who were plumbers, or who were acting as employing, or as master, plumbers. In the present case, the fact, as stipulated, is that one partner, exclusively, attended to the plumbing part of the firm business and that the other, exclusively, attended to the bookkeeping and financial part of it. The law applied to the former; but not to the latter. It discloses no intent, and none should be presumed, to impair the common-law right of a person to engage in a lawful business pursuit. He may contribute his capital, or his clerical services, to the business concern and become a partner and, if not a plumber, nor proposing to act as a master plumber in the undertaking of the concern, the act has no reference to him. I think the law governing the case should be construed as it is enacted and defined in the act of 1900; but should the act of 1896 be deemed to be, nevertheless, applicable and not limited in its meaning by the later act, then I agree with Judge O'BRIEN that it was not a valid exercise of the legislative power.

BARTLETT, HAIGHT and VANN, JJ., concur with O'BRIEN, J.; CULLEN, Ch. J., and WERNER, J., concur with GRAY, J.

Judgment reversed, etc.