(121 App. Div. 123)

### BRONOLD et al. v. ENGLER.

(Supreme Court, Appellate Division, Fourth Department.   July 9, 1907.)

LICENSES—PLUMBERS—FAILURE TO OBTAIN CERTIFICATE—BAR TO RECOVERY FOR WORK.

> A plumber may not recover for work done and materials furnished before complying with Laws 1900, p. 699, c. 327, art. 3, §§ 45, 46, prohibiting one to do business as an employing or master plumber unless he has been registered; and that a firm of nonregistered plumbers employed a registered plumber as "general managing agent and superintendent," to make all contracts and plans, employ all plumbers, and execute all plumbing work, etc., and he transacted all business with customers, does not enable the firm to recover.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Licenses, § 78.]
> McLennan, P. J., dissenting.

Appeal from Special Term, Erie County.

Action by Louis Bronold and another against August Engler. From a judgment and order of the Supreme Court, reversing a judgment of the Municipal Court of the city of Buffalo and granting a new trial in the Municipal Court, defendant appeals. Judgment and order appealed from reversed, and Municipal Court judgment affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Hull & Comstock, for appellant.

Lewis & Montgomery, for respondents.

WILLIAMS, J. The judgment and order appealed from should be reversed, and the judgment of the Municipal Court affirmed, with costs of this appeal and of the Special Term.

The plaintiff were copartners, and brought this action to recover for plumbing materials and labor furnished and performed for defendant. One of the defenses interposed by the defendant was that the plaintiffs were engaged in the plumbing business, as employing or master plumbers, in violation of sections 45, 46, art. 3, c. 327, p. 699, of the Laws of 1900 (the general city law). These sections provide that it shall not be lawful for any person to conduct business as an employing or master plumber unless he has obtained a certificate of competency and registration as therein provided. The plaintiff cannot recover for such work and materials done and furnished, if in violation of these sections of the statute. Johnson v. Dahlgren, 166 N. Y. 354, 59 N. E. 987. Neither of the members of the plaintiff copartnership had obtained these certificates, and for this reason this defense was sustained in Municipal Court, and judgment was directed for the defendant.

The plaintiffs sought to avoid this defense by showing that they employed a "general managing agent and superintendent" to make all contracts and plans, employ all plumbers, and to execute all plumbing work, and generally to conduct the "master and employing plumber" feature of their business; that he had the requisite certificates under these sections of the statute; and that he did all the business for plaintiffs with the defendant in question in this case. The Municipal Court did not regard the defense under the statute as avoided by this showing. On appeal the Special Term held the contrary opinion, and therefore reversed the judgment of the Municipal Court and ordered a new trial. The Court of Appeals has held this statute to be constitutional, and we are not permitted to disregard that decision.

People ex rel. Nechamcus v. Warden, 144 N. Y. 529, 39 N. E. 686, 27 L. R. A. 718: That was the case of an individual, not of a copartnership. The defendant was indicted, tried, and convicted for the offense under chapter 602, p. 1148, Laws of 1892, and this decision was made in a habeas corpus proceeding to release defendant from imprisonment upon such conviction. This statute was repealed by the general city law passed in 1900; but the provisions of the former act, so far as we are interested in them here, were re-enacted by the general city law.

Schnaier v. Navarre Hotel & Imp. Co., 182 N. Y. 83, 74 N. E. 561, 70 L. R. A. 722, 108 Am. St. Rep. 790: This was a case under chapter 803, p. 1052, Laws of 1896, providing that it should be unlawful for a copartnership in the city of New York to engage in the business of employing or master plumbers unless each and every member thereof should have been examined, certified, registered, etc. The action was by the assignee of a copartnership of two members, one of whom was duly certified, registered, etc., under the law, but the other member was not. The Court of Appeals held a recovery could be had; that the act, so far as it required both members to be so certified, registered, etc., was unconstitutional.

This is as far as the Court of Appeals has gone, and we are asked now to go a step further, and hold that neither member of a firm need be certified or registered, if only it employs a certified and registered manager or superintendent. We do not think the courts have power to so manipulate and do away with statutes passed by the Legislature. It is very likely, under this statute, uncertified and unregistered persons may be prohibited from engaging in and carrying on this class of business, unless they join with themselves as a partner a certified and registered person. Very likely a corporation may be unable to carry on the business at all, because it cannot as a person be certified and registered. But, if a copartnership may carry on the business when none of its members are certified or registered, by employing a certified and registered manager or superintendent, then we see no reason why an individual might not do the same thing, and the statute would be held to permit what by its express terms it prohibits.

In the two cases above cited the Court of Appeals divided on close lines; its members being changed between the times the two cases were decided. The two decisions are apparently not quite harmonious. This case is different from both of them. What that court may decide as to the constitutionality of this statute, when applied to the facts of this case, we cannot say. We cannot judicially construe the statute out of existence. If it is desirable to get rid of it, the court holding it constitutional, the Legislature should be asked to repeal or modify it.

Judgment and order appealed from reversed, and judgment of the Municipal Court affirmed, with costs to the plaintiffs in all courts. All concur, except McLENNAN, P. J., who dissents.