## WILLIAM MESSER CO. v. ROTHSTEIN et al.

(Supreme Court, Appellate Division, First Department. December 18, 1908.)

1. APPEAL AND ERROR (§ 209*) — OBJECTIONS IN TRIAL COURT—SUFFICIENCY OF EVIDENCE.

An objection on account of insufficiency of evidence cannot be raised for the first time on appeal, where it is apparent that, if timely objection had been made during the trial, all proof lacking could have been supplied.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1290; Dec. Dig. § 209.*]

2. CORPORATIONS (§ 370*) — ENGAGING IN PLUMBING BUSINESS—RIGHT TO CERTIFICATE OF COMPETENCY.

Laws 1900, p. 699, c. 327, § 45, provides that a "person" engaged in the business of employing or master plumber shall submit to an examination before the examining board of plumbers as to his experience and qualifications, and obtain a certificate of competency. Section 46 (page 700) provides for the registration of master plumbers holding certificates of competency. Section 55 (page 702) makes a violation of the act a misdemeanor. Laws 1896, p. 1052, c. 803, § 1, in relation to the business of plumbing in the city of New York, makes it unlawful for any "person or copartnership" to engage in the business of plumbing unless the name and address of such person and of each member of such copartnership shall have been registered. Building Code of City of New York, par. 25, subd. 2, provides that employing and master plumbers who have obtained a certificate of competency shall register their names and addresses under the rules of the department of buildings. Subdivision 3 provides that after such building Code takes effect "no person, corporation, or co-partnership" shall engage in the business of employing or master plumber in the city of New York "until the name and address of such person, and the president, secretary, and treasurer of such corporation, and each and every member of such copartnership shall have been registered." The Building Code was authorized by the charter of 1897 (Laws 1897, p. 1, c. 378), and its provisions were confirmed by the amended charter of 1901 (Laws 1901, p. 1, c. 466), and by Laws 1904, pp. 1433, 1490, cc. 602, 628, which amend section 407 of the charter. *Held*, that a corporation may receive a certificate of competency and conduct the business of plumbing in the city of New York.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 370.*]

Appeal from Special Term.

Action by the William Messer Company against Abraham Rothstein and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, McLAUGHLIN, and HOUGHTON, JJ.

Jacob Manheim (Harry A. Gordon, on the brief), for appellants.
Max Monfried (Aaron A. Feinberg, of counsel), for respondent.

CLARKE, J. The action is to foreclose a mechanic's lien. Plaintiff had judgment. The plaintiff is a domestic corporation.

The complaint alleges that it entered into an agreement with the defendants, whereby the plaintiff agreed to do for the said defendants the plumbing and gas fitting and furnish the materials therefor in certain premises owned by the defendants. The answer denies that any sum was due to plaintiff, and asked an affirmative judgment for damages for delay and negligence in performance.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The appellants make the point for the first time, and in this court, that the plaintiff alleged and proved no cause of action, in that the contract upon which the suit was brought and the work which the plaintiff performed were prohibited by the plumbing laws embodied in chapter 327, p. 690, of the Laws of 1900, and that no cause of action could be predicated upon the performance by the plaintiff, a corporation, of plumbing work and gas fitting and the furnishing of the material in connection with the same.

Section 45 of said act provides that:

"A person desiring or intending to conduct the trade, business or calling of a plumber or of plumbing in a city of this state as employing or master plumber shall be required to submit to an examination before such examining board of plumbers as to his experience and qualifications for such trade, business or calling, and it shall not be lawful in any city of this state for a person to conduct such trade, business or calling unless he shall have first obtained a certificate of competency from such board of the city in which he conducts or proposes to conduct such business."

Section 46 provides for the registration of every employing or master plumber holding a certificate of competency; and section 55 provides that any person violating any of the provisions of the article shall be guilty of a misdemeanor.

The appellant claims that as a corporation cannot be examined it cannot obtain a certificate of competency, and as it cannot hold a certificate of competency it cannot be registered, and therefore it is unlawful for a corporation to conduct the trade, business, or calling of a plumber as employing or master plumber in a city of this state, and so it cannot recover for plumbing work done.

It appeared in evidence that William Messer was the secretary and treasurer of the plaintiff company; that he had been in business as a plumber about 30 years; that he did all the plumbing and gas fitting throughout the three houses according to the contract; that he had obtained the plumbing certificates for these houses from the building department, which were delivered to the defendants, and that the building department and the tenement house department had issued their certificates that they had no objections to the work.

Upon this evidence we must hold that Messer, who did the plumbing work, was a duly certificated and registered plumber, and that if the point had been raised he could have shown it conclusively. An objection to proof cannot be raised for the first time upon appeal in a case where it is apparent that if timely objection had been made upon the trial the proof could have been supplied. The appellant must be held to have waived any objection to its sufficiency. Sears v. Tobey, 153 N. Y. 381, 47 N. E. 800.

If, however, the appellant is right in his contention that as matter of law a corporation cannot engage in the plumbing business, no matter how many certificated and registered plumbers it may have as its officers or in its employ who actually do the business of plumbing, then, although not raised specifically on the trial, the point is before us upon the exception to the denial of the motion to dismiss the complaint on the ground that the plaintiff has not made out a cause of action. Because, if the contention is sound, such objection could not be obviated

by any proof that might have been offered. Cook v. Whipple, 55 N. Y. 150, 14 Am. Rep. 202; Ansonia Brass & Copper Co. v. Pratt, 10 Hun, 447.

In Osgood v. Toole, 60 N. Y. 475, it was said:

"It is well settled that an objection which, if taken at the trial, might have been obviated, cannot be urged upon appeal, but it is claimed that this defense is not of that character. It is not enough that the objection appears prima facie well taken. It must be conclusive. It must appear that there is no possible answer which can be made to it."

In Johnston v. Dahlgren, 166 N. Y. 354, 59 N. E. 987, which was an action to foreclose a mechanic's lien, the plaintiffs, at the time of the employment, had failed to register their names and addresses with the board of health of the city as required by chapter 602, p. 1150, of the Laws of 1892, section 6 whereof made it unlawful for any person to carry on or engage in the trade or business of an employing or master plumber in any of the cities of the state unless his name and address had been registered. The court said:

"I think there can be no doubt but that the effect of the violation of the statute was to preclude them from enforcing a recovery upon their contracts while in default. If it was made unlawful for them to carry on their business, without having previously registered their names and addresses with the board of health, they certainly were disabled from compelling payment for work performed by them in violation of the statute."

In Schnaier v. Navarre Hotel & Importation Co., 182 N. Y. 83, 74 N. E. 561, 70 L. R. A. 722, 108 Am. St. Rep. 790, a firm composed of two persons in the city of New York performed work and furnished materials consisting of plumbing work for the defendant. One member of the firm was not a licensed plumber nor registered pursuant to the statute of the state and the city ordinances in regard to licensed or registered plumbers, nor was he entitled to be registered under such ordinances. His duties, as a member of the firm, were confined exclusively to attending to the financial affairs of the firm and keeping the books. The duties of the other member of the firm were confined exclusively to superintending and attending to the plumbing work of the firm, and he was duly registered as required. The Appellate Division (82 App. Div. 25, 81 N. Y. Supp. 946) stated the statutory provisions then existing as follows:

Section 1, c. 803, p. 1052, Laws 1896, entitled "An act in relation to plumbing in the city of New York," in terms provides that:

"After the passage of this act, it shall not be lawful for any person or copartnership to engage in or carry on the trade, business or calling of employing or master plumber in the city of New York, unless the name and address of such person and of each and every member of such copartnership shall have been registered" as provided in the preceding portion of said section; that is: "Once in each year, every employing or master plumber, carrying on his trade, business or calling in the city of New York, shall register his name and address at the office of the department of buildings in said city, under such rules and regulations as said department shall prescribe; and thereupon he shall be entitled to receive a certificate of such registration from said department, provided, however, that such employing or master plumber shall at the time of applying for such registration hold a certificate from the examining board of plumbers of said city."

The Building Code of the City of New York in force at the time of the matters under consideration provided (paragraph 25, subd. 2):

"Once in each year, every employing or master plumber carrying on his trade, business or calling in the city of New York, shall register his name and address at the office of the department of buildings in said city, under such rules and regulations as said department shall prescribe, and as hereinafter provided, and thereupon he shall be entitled to receive a certificate of such registration from said department, provided, however, that such employing or master plumber shall, at the time of applying for such registration hold a certificate of competency from the examining board of plumbers of said city. * * * Subd. 3. After this Code takes effect, no person, corporation or copartnership shall engage in, or carry on, the trade, business or calling of employing or master plumber in the City of New York, unless the name and addresses of such person, and the president, secretary or treasurer of such corporation, and each and every member of such copartnership shall have been registered as above provided."

The court said:

"Chapter 327, p. 690, of the Laws of 1900, codified the provisions relating to plumbing, drainage, and other matters, and made general provisions for all cities throughout the state. By section 57 of that chapter, however, it was provided, 'that nothing contained in article 3 hereof, relating to plumbing and drainage, shall supersede or affect any of the provisions of chapter 803 [page 1052] of the Laws of 1896 relating to plumbing in the city of New York.' The above quoted provision of the act of 1896 must, therefore, govern in the disposition of the question presented by this submission. * * * The provision applies to each and every member of the copartnership, and each member is required to possess a certificate of competency from the examining board of plumbers and be registered. * * * As it is conceded that one of the copartners had not complied with the law, and as compliance is a necessary prerequisite for a recovery for the work done, it necessarily follows that the plaintiff is not entitled to recover."

In the Court of Appeals, Judge O'Brien said:

"The law of 1896, p. 1052, c. 803, applies to the city of New York only. * * * This statute, and the Building Code enacted by the city in pursuance of it, and which has the force of law, are doubtless broad enough to cover this case. The case is clearly within the letter of the law, but I am not so sure that it was within the spirit and purpose of the law. However, it would savor somewhat of judicial legislation to attempt to take this case out of it. If the law is valid, it would seem to control this case, whether it was wise or unwise. * * * But I do not think that the statute upon which the judgment in this case rests is a valid law, for the reason that it is in conflict with constitutional restrictions. * * * In the case of People ex rel. Nechamcus v. Warden, etc., 144 N. Y. 529, 39 N. E. 686, 27 L. R. A. 718, the statute (Laws 1892, p. 1148, c. 602) was held to be constitutional as a exercise of the police power for the protection of health; * * * but that is not the statute that stands in the plaintiff's way in this case. It was another and later statute. In fact, the statute then considered by the court was repealed by chapter 327, pp. 697–702, of the Laws of 1900, §§ 40–57. The later statute differs but little from the former, and there is nothing in either of them that would prevent the plaintiff from recovering in this case. It is the act of 1896 alone that stands in the way of the plaintiff's right of recovery. * * * It cannot be denied that the statute in question operates to prohibit two persons, situated as the firm in this case was, to enter into copartnership for conducting a legitimate business. It prohibits a business man with financial means and business ability, and a registered master plumber with the requisite mechanical skill, from uniting the financial and business ability of the one with the energy and mechanical skill of the other in copartnership for conducting a legitimate business. The right to form partnerships for the conduct of business has existed from time immemorial, and any interference with that right must be regarded as an unwarranted interference with individual freedom condemned by the Constitution.

The·feature of the statute to which I have referred would deprive a firm ¡engaged in the plumbing business, composed of half a dozen persons, from enforcing contracts and collecting their bills for work done unless they could show that each and every member of the firm was a registered plumber, and if, as in this case, it was impossible for one of them to become registered, the firm must dissolve. A law that produces such results in its operation cannot be valid."

Three of the judges concurred with O'Brien, J. Judge Gray, with whom the Chief Judge and Werner, J., concurred, said:

"I am clear in my opinion that the Legislature cannot prevent an association of persons in a partnership from carrying on the plumbing business because some of the partners, although having nothing to do with the plumbing work or its supervision, are not registered as plumbers. That would be an unjustifiable interference with fundamental rights, against which the Constitution furnishes a guaranty. The question turns, as I think, upon the act of 1900, and it is not, when reasonably read, open to such a construction. The act continued to require, as did the original act of 1892, examination and registration as before; but only as to such persons who were plumbers, or who were acting as employing or as master plumbers. In the present case, the fact, as stipulated, is that one partner exclusively attended to the plumbing part of the firm business, and that the other exclusively attended to the bookkeeping and financial part of it. The law applied to the former, but not to the latter. It discloses no intent, and none should be presumed, to impair the common-law right of a person to engage in a lawful business pursuit. He may contribute his capital, or his clerical services, to the business concern, and become a partner, and, if not a plumber, nor proposing to act as a master plumber in the undertaking of the concern, the act has no reference to him. I think the law governing the case should be construed as it is enacted and defined in the act of 1900; but should the act of 1896 be deemed to be, nevertheless, applicable and not limited in its meaning by the later act, then I agree with Judge O'Brien that it was not a valid exercise of the legislative power."

After this decision by the Court of Appeals, chapter 327, p. 690, of the Laws of 1900, was considered by the Appellate Division of the Fourth Department in Bronold v. Engler, 121 App. Div. 123, 105 N. Y. Supp. 508. In that case the plaintiffs were copartners, and brought the action to recover for plumbing materials and labor furnished and performed for defendant. Neither of the members of the plaintiff copartnership had obtained the certificates of competency and registration. They sought to avoid the defense interposed that they were engaged in the plumbing business in violation of sections 45 and 46 of chapter 327, p. 699, of the Laws of 1900, by showing that they employed a general managing agent to make all contracts and plans, employ all plumbers, and to execute all plumbing work, and generally to conduct the employing or master plumbing feature of their business; that he had the requisite certificates under these sections of the statute, and that he did all the business for plaintiffs with the defendant in question in this case. Referring to the Schnaier Case, Mr. Justice Williams said:

"The Court of Appeals held a recovery could be had; that the act, so far as it required both members to be so certified, registered etc., was unconstitutional. This is as far as the Court of Appeals has gone, and we are asked now to go to a step further and hold that neither member of a firm need be certified nor registered if only it employs a certified and registered manager or superintendent. We do not think the courts have power to so manipulate and do away with statutes passed by the Legislature. It is very likely· that under this statute. uncertified and unregistered persons may be prohibited from engaging in and carrying on this class of business unless they join with them-

selves as a partner a certified and registered person. Very likely a corporation may be unable to carry on the business at all, because it cannot as a person be certified and registered. But if a copartnership may carry on the business, when none of its members are certified or registered, by employing a certified and registered manager or superintendent, then we see no reason why an individual might not do the same thing, and the statute would be held to permit what by its express terms it prohibits."

It is to be noted that, this case not arising in the city of New York, the act of 1900—the general city act—was alone considered.

In the recent case of People v. John H. Woodbury Dermatological Institute, 85 N. E. 697, the Court of Appeals affirmed an order of this court affirming a judgment of the Court of Special Sessions convicting the defendant of the misdemeanor of unlawfully advertising to practice medicine without authorization or registration. The court upheld the conviction of the defendant corporation for a violation of section 15 of chapter 344, p. 646, of the Laws of 1907, which provides that "any person, not a registered physician, who shall advertise to practice medicine shall be guilty of a misdemeanor," by applying to said statute the provision of section 5 of chapter 677, p. 1487, of the Laws of 1892. The statutory construction law, which provides that the term "person" includes a corporation and a joint-stock association. To the adoption of this construction, Judge Willard Bartlett pointed out that the only difficulty involved grew out of the existence of hospitals, dispensaries, and similar corporate institutions which are unquestionably authorized by law to practice medicine, although, of course, only through the agency of natural persons who are duly registered as physicians, and said as to such institutions that they did not come within the purview of the act under consideration, because, under section 80 of the membership corporation law (chapter 559, p. 354, of the Laws of 1895, as amended by the Laws of 1900, p. 936, c. 404), the incorporation of hospitals, infirmaries, dispensaries, or homes was expressly provided for, and that an institution of that character, possessing legislative authority to practice medicine by means of its staff of registered physicians and surgeons, came under the direct sanction of the law in so doing, and by the plainest implication, under well-settled rules of statutory construction relating to enactments dealing with the same general subject-matter, were excepted from the operation of the act of 1907, under which the defendant was convicted.

In People ex rel. Nechamcus v. Warden, 144 N. Y. 529, 39 N. E. 686, 27 L. R. A. 718, the constitutionality of the plumbing act (chapter 602, p. 1148, of the Laws of 1892), and the conviction of an individual for the violation of said act by conducting the business of a master plumber without certificate, was sustained.

In Johnston v. Dahlgreen, supra, it was held that an individual could not recover for plumbing work done and materials furnished unless he had been duly certified and registered. In Schnaier v. Navarre, etc., supra, it was held that a copartnership, of which one member was duly certified, and who attended exclusively to the plumbing business, could recover for the work done. In Bronold v. Engler, supra, it was held that a copartnership, neither of whose members were certified and registered, but who employed a general manager

who was,· could not recover, with an intimation that a corporation might be unable to carry on the business at all, because it cannot, as a person, be certified and registered. And in People v. John H. Woodbury, etc., supra, it was held that "person" includes a corporation as applied to a law requiring the registration of physicians.

If the Bronold Case was· correctly decided, and a firm composed of unregistered members cannot recover, although its managing .agent who attended to the business was properly qualified, it would seem to follow that a corporation cannot escape the inhibition of the statute by showing that the work charged for by it was performed by a duly certified agent. If the interpretation of the Court of Appeals in the Woodbury Case, that "person" means "corporation" in the medical statute, except as to corporations expressly excepted from the purview of those statutes, is to be applied to the plumbers' registration statute, then it would seem that the plaintiff in the case at bar cannot recover.

But the Court of Appeals in the Schnaier Case, supra, expressly held, although by a divided court, that, so far as the city of New York was concerned, the act of 1896 was in force and not the act of 1900. The respondent points out that the Building Code of the City of New York provides, in subdivision 3 of paragraph 25, that:

"After this Code takes effect, no person, corporation or copartnership shall engage in or carry on, the trade, business or calling of employing or master plumber in the city of New York, unless the name and addresses of such person, and the president and secretary or treasurer of such corporation, and each and every member of such copartnership shall have been registered as above provided." ·

That this Building Code was authorized by the charter of 1897 (Laws 1897, p. 1, c. 378), its provisions confirmed by the amended charter of 1901 (Laws 1901, p. 1, c. 466), and by chapters 602 and 628, pp. 1433, 1490, of the Laws of 1904, which latter act amends section 407 of the charter, and provides that the Building Code which shall be in force in the city of New York on the 1st day of January, 1902, and all then existing provisions of law fixing penalties for violations of said Code, are hereby declared to be binding and. in force in the city of New York; also that the said Building Code which is in force May 1, 1904, shall constitute a. chapter of the Code of Ordinances of the City of New York. It contends that these provisions give said Building Code the sanction of law. That the provision for the registration of the names and addresses of the officers of a corporation engaged in the plumbing business is legislative authority for a corporation to engage in such business.

This Court said, in City of New York v. Trustees of Sailors' Snug Harbor, 85 App. Div. 355, 83 N. Y. Supp. 442:

"In view of this ratification by the Legislature of the power to enact the Building Code, we fail to see why the Building Code should not be given the same force within the corporate limits as the statute passed by the Legislature itself."

The Court of Appeals held in the Schnaier Case that the act of 1896, so far as it required all of the members of a copartnership to

be certified and registered plumbers, was unconstitutional. The same court also held in the Woodbury Dermatological Case, supra, that, as the Legislature authorized the formation of corporations for hospital purposes, such corporations would not be guilty of a crime if they should advertise to treat diseases, although not registered under the medical act, provided such treatment was administered by duly registered physicians.

I know of no express provision of law prohibiting individuals to form a corporation to carry on the business of plumbing as well as any other business. Said business is not illegal per se. Applying the reasoning of the Schnaier Case, which allowed business men and plumbers to join in a copartnership for the plumbing business, provided the plumber was duly registered, why should the same men not be permitted to form a business corporation for the same purpose, provided the actual business of plumbing is done by the registered plumber? And, applying the reasoning of the Woodbury Case, why should not the recognition of corporations in the provision providing for their registration by their officers by the Building Code bring such corporations under the same exception as the hospitals were brought in the latter case?

While the question, by reason of the decisions hereinbefore set forth, is involved in some doubt, it seems to me, on the whole, that as the case at bar is presented there is not sufficient to disturb the judgment, and it should therefore be affirmed, with costs to the respondent. All concur.