AL SILINSKY, Plaintiff, *v.* AARON LUSTIG, Defendant.

City Court of the City of New York, March, 1922.

**Brokers — contract — money advanced on request to purchase stock for another may be recovered — failure to register as broker under Tax Law no defense.**

Upon defendant's promise to reimburse him, plaintiff, an unregistered stock broker, advanced the money on the purchase of stock for defendant, who, on a tender of the stock to him, failed to pay for the same. *Held,* that plaintiff was entitled to recover the amount advanced even though it were to be held that for failure to comply with section 275-a of the Tax Law he could not recover any commissions for services rendered in making the purchase of the stock.

MOTION to set aside a directed verdict.

*Samuel Goldstein* (*Louis Sussman*, of counsel), for plaintiff.

*Henry C. Bernstein*, for defendant.

WENDEL, J. The plaintiff brought this action to recover the sum of $1,500 for moneys laid out and expended to the extent of $1,350 at the special instance and request of defendant in the purchase of 300 shares of the stock of a corporation known as General Tractors, Inc., and for moneys loaned to defendant to the amount of $150. The count in the complaint dealing with the loan was withdrawn. The testimony of the plaintiff was to the effect that on September 8, 1919, the defendant met him on the New York curb market and requested him to purchase the stock in question at $4.50 per share and to pay therefor, saying that on the following day he would reimburse plaintiff; that plaintiff gave an order for the purchase of this stock and the same was actually bought through W. L. Darnell & Co. for $1,350, which plaintiff paid this concern, and that on a tender of the stock to him the defendant failed to pay for the same. On cross-examination the plaintiff testified that he had no license to act as a stockbroker, and also as to other matters not necessary for consideration at this time. A motion by counsel for defendant for a dismissal of the complaint because of the failure of plaintiff to comply with section 275-a of the Tax Law was granted, and a verdict was directed in favor of the defendant. A motion was then made to set aside the dismissal and directed verdict. It is doubtless the rule that where a statute expressly or by implication forbids a person from acting in a given capacity or occupation without a license he is precluded from recovering for work done in violation of such statute. *Johnston* v. *Dahlgren*, 166 N. Y. 354; *Schnaier* v. *Navarre Hotel & Imp. Co.*, 82 App. Div. 25. On the other hand, there are many statutes which, without prohibiting the carrying on of

a business without a license, impose a personal penalty upon the individual for failure to procure the same. It is often difficult to determine in such case whether acts performed without compliance with such statutes are illegal. Thus where the procuring of a license is merely for the purpose of raising revenue it would seem that acts performed without securing a license would be valid. But where the statute looks beyond the question of revenue and has for its purpose the protection of public health or morals or the prevention of fraud a non-compliance with its terms would affect the legality of the business. See *Griffith* v. *Wells*, 3 Den. 226; Mechem Agency (2d ed.), § 2479, and cases cited; *Reichardt* v. *Hill*, 236 Fed. Rep. 817. While the statute under consideration is apparently not a revenue measure, for the payment of no fee is exacted, neither can it be said that its object is to protect the community against unqualified and incompetent brokers, for neither educational, moral or other requirements are imposed, the sole requisite being that a certificate be filed setting forth the name under which the business is to be transacted, the true names of the persons conducting the same and their post office addresses. Under these circumstances, I believe that the stock brokerage transaction in question is not illegal and that the broker would not be precluded from recovering his compensation. The action, however, is not to recover compensation, but to secure the return of money alleged to have been advanced by plaintiff to defendant for the purpose of purchasing the stock in question. This transaction was separate and apart from the purchase and sale of the stock, and, even though it were to be held that the broker could not recover any commissions for services rendered in making the purchase, there is absolutely no bar to his securing the return of the money that he alleges he advanced to the defendant. While I can find no American cases on this point, the following English cases are authority for this holding: *Cope* v. *Rowlands*, 2 M. & W. 149; *Smith* v. *Lindo*, 5 C. B. (N. S.) 587; *Pidgeon* v. *Burslem*, 3 Exch. 465, and *Jessopp* v. *Lutwyche*, 10 id. 614. In view of this finding it is unnecessary to pass upon the question of whether it was incumbent upon defendant, in order to avail himself of the plea of illegality, to set up the statute as a defense. Ordinarily, the presumption is that the broker has complied with the law, and the burden is upon the one claiming the contrary to allege and prove it.

Ordered accordingly.