Van Voorhis, J.
(dissenting). Since 1926 appellant has held a license from the City of New York as a motion picture operator; and since 1928 he has been a duly licensed master electrician. Both licenses have been annually renewed. On June 17, 1955 his license as master electrician was suspended upon the ground that the licensing board found Mm 11 guilty of being principally engaged in other business, namely, employed as a motion picture operator by the Trans-Lux Theatre ”. This fatal offense was created by section B30-16.0 of the Administrative Code, directing the suspension of such licenses “ upon good cause shown, including, among other things, being principally engaged in other business ”. Other causes enumerated for mandatory suspension are various forms of deceit and conviction of crime.
No question is involved of appellant’s competence to engage in tMs occupation. He has been forbidden to operate as a master electrician for the reason that a majority of Ms time is devoted to being a motion picture operator, as though a lawyer were to be disbarred upon the ground that he is also an officer of a corporation to whose business he devotes more than 50% of Ms business day. In Hauser v. North British & Mercantile Ins. Co. (206 N. Y. 455, 461-462), section 142 of the Insurance Law, as enacted by chapter 748 of the Laws of 1911, was held to be unconstitutional for the reason that it attempted to *568 confine the business of broker in procuring insurance to those who should make that their principal business, or who were real estate agents or brokers. This court said: “ There is no good reason, and no public interest can, conceivably, be subserved, in prohibiting persons from conducting the business of an insurance agent, or broker, in connection with any other lawful business, or occupation, in which they may be engaged. ’ ’ Furthermore, the court took occasion to observe that the legislation in question “ must have been promoted in the interests of those engaged in the insurance brokerage business, alone, or in connection with a real estate brokerage business, rather than with any view of the public welfare.”
In Richardson v. Coker (188 Ga. 170, 174, 175), a statute imposing a condition upon licenses for electrical contractors was held to be unconstitutional, that an applicant must submit to the judgment of a board his ability “ for the purpose of determining whether he may be reasonably expected to satisfactorily complete any contracts he enters into with citizens of Atlanta ”. Unless an occupation affords some greater or more peculiar opportunity for fraud than do most of the other common occupations, it was held that the police power could not be invoked successfully to support that regulation. Competency and skill in the trade was another matter. Those qualifications are not challenged in the case now before this court.
Laws which limit one in his choice of a trade or profession “ are infringements upon his fundamental rights of liberty, which are under constitutional protection ” (Schnaier v. Navarre Hotel & Importation Co., 182 N. Y. 83, 88). There is probably no single procedure whereby the liberties of the citizen are being more undermined in this country today than by the multiplication of licensing statutes, subjecting the right to engage in a trade or profession to the discretion of some public official. It is more than ever necessary for courts to be on guard to invalidate licensing statutes unless they are actually related to the public safety, health, morals or general welfare. Electrical contracting manifestly is related to the public safety, nor would anyone question that the right to engage in that occupation can be conditioned upon demonstration of experience and ability to perform that kind of work. It bears no relation to the public safety, however, whether appellant, for example, consumes 40% of his time as master electrician and is otherwise idle, in which *569 event he could be licensed under this section of the Administrative Code, or whether he devotes the remaining 60% of his time to some other useful pursuit, which would result in the loss of his license. It would be reasonable to insist that he do enough work as master electrician to insure continued competence in that job, but that question is not at issue here.
Appellant’s record as master electrician is unblemished since a license was first issued to him in 1928. He testified that in his situation he needs to engage in both of these occupations in order to earn a living. The same is true of many other people in other occupations that are subject to licensing, both in public and private positions. If the order appealed from be upheld, all of such persons may be in jeopardy.
Like some other licensing statutes (cf. Defiance Milk Products Co. v. Du Mond, 309 N. Y. 537; People v. Ringe, 197 N. Y. 143; People v. Gillson, 109 N. Y. 389; Hauser v. North British & Mercantile Ins. Co., supra; Richardson v. Coker, supra) this statute bears the earmarks of having been promoted by business competitors in an endeavor to limit competition.
The Legislature may not, under the guise of protecting public interests, arbitrarily interfere with private business, or impose unusual or unnecessary restrictions upon lawful occupations. Its determination of what is a proper exercise of the police power is not final or conclusive, unless the enactment bears some relation to a purpose for which the police power is authorized (Lawton v. Steele, 152 U. S. 133, 137). No such relationship exists here.
The order appealed from should be reversed, with costs in all courts, and the respondent commissioner should be directed to reinstate petitioner as a licensed master electrician.
Desmond, Dye, Fuld and Froessel, JJ., concur with Conway, Ch. J.; Van Voorhis, J., dissents in an opinion; Burke, J., taking no part.
Order affirmed.