JAMES R. JOHNSTON et al., Respondents, *v.* ELIZABETH DREXEL DAHLGREN, as Executrix of JOHN VINTON DAHLGREN, Deceased, Appellant.

1. CONTRACT — PLUMBING WORK PERFORMED IN VIOLATION OF REGISTRATION ACT. The failure of a master plumber to comply with the act to secure the registration of plumbers in cities (L. 1892, ch. 602), making it unlawful for him to carry on business without having previously registered with the board of health his name and address, precludes a recovery for work performed by him in violation of the statute.

2. APPLICATION OF PAYMENT UPON ILLEGAL CLAIM — QUESTIONS OF FACT. Where, in an action to foreclose a mechanic's lien, it appears that the plaintiffs, who were master plumbers and not registered under the act, had been orally employed to perform certain plumbing work, and during its progress were orally instructed by defendant to have other necessary work done, and had employed and paid mechanics to perform it, and upon the completion of all the work the defendant paid the plaintiffs a sum of money which they applied upon their plumbing bill, leaving the other items unpaid, whether the contract was entire in its nature, and on account of the illegal plumbing item was unenforceable, or with respect to work other than plumbing it was severable, and whether the payment upon the completion of the work was voluntarily made upon the plumbing bill, which might competently have been done, notwithstanding its illegality, are questions of fact, which, having been determined by a judgment unanimously affirmed by the Appellate Division, are not reviewable by the Court of Appeals.

*Johnston* v. *Dahlgren,* 48 App. Div. 537, affirmed.

(Argued February 15, 1901; decided March 26, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 17, 1900, affirming a judgment in favor of plaintiffs entered upon the report of a referee.

This was an action for the foreclosure of a mechanic's lien. The plaintiffs recovered a judgment, which adjusted the amount of their lien against the defendant and directed a sale of the property in the usual form in such cases, and the judgment has been unanimously affirmed by the Appellate Division, in the second department. The case was tried before a referee. In his report, the referee premises with these words : "I do now, in deciding the issues, make and file this my decision, stating concisely the grounds upon which such issues have been decided, as follows : I find as matters of fact," etc. Thereafter, in narrative form, he states certain facts as established. They are in substance these. The defendant, in December, 1894, employed the plaintiffs, who were master plumbers, to do some plumbing work in his house, in the city of New York. The plaintiffs, at the time of the employment, had failed to register their names and addresses with the board of health of the city, as required by chapter 602 of the Laws

of 1892. After the plaintiffs had proceeded with their work, "other work, mason work, carpenter work and painting work, etc., was found to be necessary and defendant instructed plaintiffs to have this work done." During the progress of the work, the defendant had paid to the plaintiffs, on account, the sum of $1,500 and upon the completion of the work, on February 20th, 1895, there remained unpaid upon all the work the sum of $6,238.15. "On the 19th of February, 1895, the defendant handed the plaintiffs a check for the sum of $2,000 ; but did not approve for payment the items of the bill then rendered by the plaintiffs to the defendant for the work other than plumbing work, but subsequently paid several items thereof. That the defendant had not at any time approved of the remaining items for payment, but withholds unreasonably such approval." Then, after stating that the sum of $2,079.73 became due from the defendant to the plaintiffs and remained unpaid, the report continues : " I decide (1), that the plaintiffs were employing or master plumbers, * * * and that they had not complied with the provisions " etc., of the state law, in its requirement of the registration of their names and addresses with the board of health of the city, " and, therefore, they are not entitled to recover in this action for any plumbing work." " (2) That the plaintiffs applied and were free to apply the payment of $2,000, made by the defendant February 19th, 1895, on account of the plumbing item of the statement rendered on said date, but cannot recover any balance due for such plumbing item." The referee then proceeds to state the amount which the plaintiffs were entitled to recover otherwise and that they were entitled to the usual judgment of sale. The order of affirmance of the Appellate Division states that the court had " unanimously decided that the findings of fact are supported by the evidence."

*Abram I. Elkus* and *Edward C. James* for appellant. The contract for plumbing was illegal and no recovery can be had thereon. (L. 1892, ch. 602 ; *Leavitt* v. *Palmer*, 3 N. Y. 19 ; *Bloom* v. *Saberski*, 8 Misc. Rep. 311 ; *Ferdon* v. *Cun-*

*ningham*, 20 How. Pr. 154; *Lanzer* v. *Unterberg*, 9 Misc. Rep. 210; *Hay* v. *Bishop*, 3 Daly, 109; Broom's Legal Maxims [2d ed.], 576; *Johnston* v. *Dahlgren*, 31 App. Div. 204; *People ex rel.* v. *Warden, etc.*, 144 N. Y. 529.) This was an entire contract. (*Ming* v. *Corbin*, 142 N. Y. 334; *Manda* v. *Sullivan County Club*, 16 Misc. Rep. 366; *Pearse* v. *Divver*, 23 Misc. Rep. 691.) The mason work, architect's services, gas logs and globes, forming part of the plumbing contract, are tainted with the same illegality, and no recovery can be had on them. (*Rose* v. *Truax*, 21 Barb. 361; *Saratoga Co. Bank* v. *King*, 44 N. Y. 87; *McGuire* v. *Corwin*, 101 U. S. 108; *Brown* v. *Brown*, 34 Barb. 533; *Barton & Woodworth* v. *P. J. & U. F. P. Road Co.*, 17 Barb. 397; *Decker* v. *Morton*, 1 Redf. 477; *Hyslop* v. *Clarke*, 14 Johns. 458; *Friedman* v. *Bierman*, 43 Hun, 387; *Parks* v. *J. D. Packing Co.*, 6 Misc. Rep. 570.) The $2,000 paid by the defendant should have been applied to claims other than that for plumbing. (*Field* v. *Howland*, 6 Cranch, 8; 1 Am. Lead. Cas. 294; *Allen* v. *Culver*, 3 Den. 284; *L. Ins. Co.* v. *C. V. R. R. Co.*, 19 App. Div. 509; *Allen* v. *Allen*, 18 Wkly. Dig. 184; 101 N. Y. 658; *Simpson* v. *Ingham*, 2 B. & C. 65; *Huffstater* v. *Hayes*, 64 Barb. 573; *U. S.* v. *Kirkpatrick*, 9 Wheat. 720; *Backhouse* v. *Patton*, 5 Pet. 160; *Griswold* v. *O. C. Sav. Bank*, 93 N. Y. 301.)

*George C. Lay* and *Thomas P. Wickes* for respondents. As the affirmance by the Appellate Division was unanimous, and the decision was that the findings of fact are supported by the evidence, this court has no power under the Constitution and section 191 of the Code of Civil Procedure to ascertain and determine whether there is any or sufficient evidence to sustain the report of the referee on the facts. (*Szuchy* v. *H. C. & I. Co.*, 150 N. Y. 219; *Ayres* v. *D., L. & W. R. R. Co.*, 158 N. Y. 254; *Reed* v. *McCord*, 160 N. Y. 330; *Lewis* v. *L. I. R. R. Co.*, 162 N. Y. 52; *Kleiner* v. *T. A. R. R. Co.*, 162 N. Y. 193; *Ming* v. *Corbin*, 142 N. Y. 340; *Adams* v. *R. L. Co.*, 159 N. Y. 176; *Trustees Amherst Col-*

*lege* v. *Ritch*, 151 N. Y. 282; *People ex rel.* v. *Barker*, 152
·N. Y. 417.) .

GRAY, J.    The unanimous affirmance of the judgment
recovered by the plaintiffs deprives this court of jurisdiction
to review the questions of fact in the case.    We are required
to presume that the evidence supports the facts upon which
the referee based his decision.    It is evident that the referee
considered that he was making the " concise " or " short decis-
ion," as it is now commonly called, permitted by sec. 1022 of
the Code and I think it should be regarded as such, in view of
the characterization given to it by himself.    But it is not, in my
opinion, very material how the form of the report is regarded.
Although if in the general, or "short," form, it would be
allowed the effect of a verdict, with all the presumptions in
its support, in its present form, the decision is quite full enough
for the purpose of supporting the judgment and there were
no other findings requested.    I entertain no doubt, but that
whatever questions of fact are involved in the decision below,
they are conclusively settled and beyond our review.

The first question of law which is presented is as to the
effect of the plaintiffs' failure to comply with the provisions
of chapter 602 of the Laws of 1892; which, in section six,
after the requirements as to registration, state that " after the
first day of March, 1893, it shall not be lawful for any person
to engage in, or carry on the trade, business or calling of an
employing or master plumber in any of the cities of this state
unless his name and address shall have been registered as above
provided."    I think there can be no doubt but that the effect
of the violation of the statute was to preclude them from
enforcing a recovery upon their contracts, while in default.
If it was made unlawful for them to carry on their business,
without having previously registered their names and addresses
with the board of health, they certainly were disabled from
compelling payment for work performed by them in violation
of the statute.

In the next place, it is argued for the appellant that this

was an entire contract between the plaintiffs and the defendant and that, being tainted by the illegality referred to above, no recovery could be had by the plaintiffs with respect to the items of work other than their own work, and which they had, under the defendant's instructions, employed other mechanics to perform and for which they had paid. The plaintiffs' employment by the defendant was oral and whether, with respect to all the kinds of work, which was required to be done in the defendant's house, the contract with the plaintiffs was entire in its nature, or whether, with respect to work other than plumbing and to be done by other mechanics, it was severable, was a question of fact to be determined upon the evidence. It depended upon the intention of the parties and, the contract not being in writing, that was to be discovered by a consideration of their agreements and of their acts, and of all the circumstances under which the plaintiffs were employed by defendant. (2 Parsons on Contracts, 517; *Ming* v. *Corbin*, 142 N. Y. 334.)

The referee's decision is that the plaintiffs were employed as master plumbers to do some plumbing work and that it was only after that work had been proceeded with, that " other work, mason work, carpenter work and painting work, etc., was found to be necessary," which the defendant instructed the plaintiffs to have done. From his decision, it appears that the work to be done in defendant's house consisted of separate jobs, calling for different mechanical employments, and while it was possible that the whole work might have been contracted for under an entire contract, the referee has not so found and his decision negatives, and precludes, the idea of a contract of that nature having been made. While the plaintiffs were unable to recover for whatever remained unpaid upon their own plumbing work, they were not precluded from recovering for items paid by them for the work done for defendant by other mechanics, whom they had called in. The question then is presented, whether the payment by the defendant of the sum of $2,000, upon the completion of the work, to the plaintiffs was illegally applied upon their plumb-

ing bill.    The appellant contends that it should have been applied upon the other items.    This, also, was a question of fact to be determined upon the evidence, whether the sum of $2,000, was voluntarily paid by the defendant upon the plumbing bill, or not.    It was quite competent for him to do so; notwithstanding the unenforceable nature of the obligation, from the violation of the statute.

The plaintiffs had performed their work and the defendant had had the benefit of it.    If the latter chose to pay for it, the payment could not be revoked.    He might have contested the demand for payment of the plumbing work by reason of the illegality of the contract for its performance; but he did not do so and, therefore, the court will leave the parties as they are.    (*Burt* v. *Place*, 6 Cowen, 431; *Knowlton* v. *Congress & Empire Spring Co.*, 57 N. Y. 518.)    The decision was that when, on February 19, 1895, the defendant paid to the plaintiffs $2,000, upon the bill they then presented to him and, at the same time, refused to approve for payment the items of the bill rendered "*for work other than plumbing work*," there was on the former's part a voluntary payment of money to the plaintiffs for application by them upon their own items of work.    In my opinion, the language of the decision is incapable of any other meaning and the referee's conclusion, that the plaintiffs were free to apply this $2,000 on account of their plumbing bill, was perfectly correct.

I do not consider that there are any other serious questions, which demand consideration from us, and, therefore, I advise that the judgment be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, HAIGHT, LANDON, CULLEN and WERNER, JJ., concur.

Judgment affirmed.