LOUIS BRONOLD et al., Appellants, *v.* AUGUST ENGLER, Respondent.

**Master plumbers — violation of statute requiring licensing thereof.**

Where parties hold themselves out as pursuing the trade of a master plumber, it is a violation of section 45 of the General Cities Law (L. 1900, ch. 327) to carry on that business without a license. Persons so doing are not exempt from the condemnation of the statute by the employment of a licensed master plumber as a manager of the business. *Schnaier* v. *Navarre Hotel & I. Co.*, 182 N. Y. 83, distinguished.

*Bronold* v. *Engler*, 121 App. Div. 123, affirmed.

(Argued January 29, 1909, decided February 9, 1909.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial depart-

ment, entered July 11, 1907, upon an order which reversed an
order of Special Term reversing a judgment of the Municipal
Court of the city of Buffalo in favor of plaintiffs and granting
a new trial, and affirmed the said Municipal Court judgment.

This action was brought to recover a balance due the
plaintiffs on a contract for furnishing plumbing materials and
labor. It was defended upon the ground that at the time of
the execution of the contract and of the performance of the
work the plaintiffs were unlawfully engaged in the plumbing
business in violation of sections 45 and 46 of chapter 327 of
the Laws of 1900.

*George A. Lewis* for appellants. The facts as shown by the
evidence returned on this appeal do not bring the case within
the provisions of sections 45, 46 and 55 of chapter 327 of the
Laws of 1900. (*People* v. *W. D. Inst.*, 192 N. Y. 454;
*Johnson* v. *Dahlgreen*, 166 N. Y. 354; *Schnaier* v. *Navarre
Hotel*, 182 N. Y. 83.)

*Marc W. Comstock* for respondent. Neither of the plain-
tiffs having complied with the provisions of chapter 327 of
the Laws of 1900, their contract " to perform plumbing work "
was illegal, and no recovery can be had thereon. (*People ex
rel. Nechamcus* v. *Warden*, 144 N. Y. 538; *Johnson* v. *Dahl-
green*, 166 N. Y. 354.)

*Per Curiam.* The constitutionality of a statute (L. 1892,
ch. 602, § 5), of which the present section 45 of the General
Cities Law (L. 1900, ch. 327) is a substantial re-enactment,
was upheld by this court in *People ex rel. Nechamcus* v.
*Warden*, etc. (144 N. Y. 529), but subsequently an additional
provision, which enacted that in the city of New York
every member of a partnership carrying on the business of
employing or master plumber must be a licensed plumber,
was held unconstitutional, it there appearing that the unli-
censed partner took no part in the conduct of the business
except to furnish capital, keep the books and attend to the
financial and office departments of the business. (*Schnaier*

*v. Navarre Hotel & I. Co.*, 182 N. Y. 83.) It is under this last decision of the court that the plaintiffs claim to be exempt from the condemnation of the statute, the testimony being that they employed as manager of the business a licensed master plumber. We think there is a clear distinction between the two cases. It is not the manager but the plaintiffs who are the responsible heads of the business; not he, but they, are liable for defective work or improper plumbing. They, not he, have the continuous power to determine what journeymen plumbers shall be employed to do the work and how it shall be done, and he himself might be at any time discharged. His connection with the work depends on the continuing pleasure of the plaintiffs. We do not say that any one, not a master plumber, making a contract which provides to some extent for plumbing work, would fall within the inhibition of the statute. A builder might contract to erect and complete a house or other structure including the plumbing work for a gross sum and for that purpose he would have the right to employ a licensed master plumber to do the plumbing work. He would in such case in no fair sense be conducting the " trade, business or calling " of a master plumber. It would be the mere incident of a larger work. In this case, however, the trade of a master plumber is the very business or trade which the plaintiffs hold themselves out as pursuing and, therefore, falls within the inhibition of the statute.

It appears by the license issued to the so-called general manager, which is in the record, that he is authorized to carry on the business of plumbing under the name of Bronold & Co. If it be the fact that he was the true principal the action should have been brought by him and not in the name of the plaintiffs. In neither view of the case, whether he be agent or principal, can the action be maintained.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, HAIGHT, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Judgment affirmed.