MILTON SCHNAIER & CO. v. GRIGSBY.

(Supreme Court, Appellate Division, First Department.   June 4, 1909.)

1. LICENSES (§ 7*)—OCCUPATIONS—VALIDITY OF ACTS.
     Laws 1896, p. 1052, c. 803, requiring registration of employing plumbers in the city of New York, is constitutional except as to the requirement that every partner of a firm must be a registered plumber; the law being satisfied if the partner who directs and supervises the work is registered.
     [Ed. Note.—For other cases, see Licenses, Dec. Dig. § 7.*]

2. LICENSES (§ 39*)—OCCUPATIONS—RIGHTS OF UNLICENSED PERSONS.
     Plumbing work cannot lawfully be done by a firm of which no partner is registered, as required by Laws 1896, p. 1052, c. 803, though the superintendent and general manager who supervises the work is a registered plumber.
     [Ed. Note.—For other cases, see Licenses, Cent. Dig. § 78; Dec. Dig. § 39.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. LICENSES (§ 39*) — OCCUPATIONS — RIGHTS OF UNLICENSED PERSONS — "PER-SON."

A corporation is a "person" within Laws 1896, p. 1052, c. 803, requiring registration of employing plumbers in the city of New York, and, as registration involves the holding of a certificate of competency which cannot be given to a corporation, plumbing work by a corporation is unlawful, and the price thereof cannot be recovered.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. § 78; Dec. Dig. § 39.*

For other definitions, see Words and Phrases, vol. 6, pp. 5327–5330; vol. 8, p. 7752.]

4. MUNICIPAL CORPORATIONS (§ 120*) — ORDINANCES—BUILDING CODE—OPERATION AND EFFECT.

The Building Code, adopted pursuant to New York City Charter 1897 (Laws 1897, p. 224, c. 378) § 647, and Charter 1901 (Laws 1901, p. 179, c. 466) § 407, is given the force of law.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 120.*]

5. EVIDENCE (§ 32*)—JUDICIAL NOTICE—MUNICIPAL ORDINANCES.

The Building Code, adopted pursuant to New York City Charter 1897 (Laws 1897, p. 224, c. 378) § 647, and Charter 1901 (Laws 1901, p. 179, c. 466) § 407, is merely an ordinance, though given the force of law, of which the court cannot take judicial notice, unless it is pleaded and proved.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 42; Dec. Dig. § 32.*]

6. LICENSES (§ 39*)—RIGHTS OF UNLICENSED PERSONS—RECOVERY FOR SERVICES.

One who seeks to recover for plumbing work must allege that he has secured the certificate of registration, as required by Laws 1896, p. 1052, c. 803, to entitle him to engage in the business, and the absence of such allegation renders his complaint demurrable.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. § 78; Dec. Dig. § 39.*]

Clarke and Laughlin, JJ., dissenting in part.

Appeal from Appellate Term.

Action by Milton Schnaier & Co. against Emilie B. Grigsby. From a judgment of the Appellate Term (61 Misc. Rep. 325, 113 N. Y. Supp. 548), reversing a judgment for plaintiff (59 Misc. Rep. 595, 112 N. Y. Supp. 505) and ordering a new trial, plaintiff appeals. Affirmed, and judgment entered on stipulation.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Milton Mayer, for appellant.
William K. Hartpence, for respondent.

SCOTT, J. This is an action by a corporation to foreclose a mechanic's lien for plumbing work. A judgment in favor of plaintiff was reversed by the Appellate Term and a new trial granted. The plaintiff has appealed by permission to this court, stipulating that, if the determination of the Appellate Term be affirmed, judgment absolute shall be entered in favor of the defendant. The complaint alleges that the plaintiff was at the time mentioned therein and is a domestic corporation, and that between November 18, 1907, and December 27, 1907,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

at defendant's request, it performed upon real property owned by her "certain work, labor, and service consisting of plumbing and other work, and in connection therewith furnished certain materials." At the very opening of the trial, the defendant moved to dismiss the complaint upon the ground that, being a corporation, plaintiff had not pleaded the condition precedent which is necessary in an action for plumbing, to wit, that it had a license and was registered under Laws 1896, p. 1052, c. 803. At the close of the case, a motion to dismiss was made upon the same ground, and the denial of these motions raises the question upon which the Appellate Term reversed the judgment. The act referred to, which relates especially to the city of New York, provides that once in each year every employing or master plumber carrying on his trade, business, or calling in the city shall register his name at the office of the department of buildings, and shall thereupon receive a certificate from said department, provided, however, that such employing or master plumber shall at the time of applying for such registration hold a certificate of competency from the examining board of plumbers of said city. The act then provides:

"After the passage of this act it shall not be lawful for any person or copartnership to engage in or carry on the trade, business or calling of employing or master plumbers in the city of New York unless the name and address of such person and of each and every member of such copartnership shall have been registered as above provided."

This act is a valid and constitutional legislative enactment (People ex rel. Nechamcus v. Warden, etc., 144 N. Y. 529, 39 N. E. 686, 27 L. R. A. 718), except as to the requirement that every member of a copartnership must be registered; the provision being satisfied if one member of a copartnership is so registered, providing it is he who actually directs and supervises the work done by the copartnership (Schnaier v. Navarre Hotel & Imp. Co., 182 N. Y. 83, 74 N. E. 561, 70 L. R. A. 722, 108 Am. St. Rep. 790). But plumbing work may not lawfully be done by, or the price thereof recovered, by a copartnership of which no partner is registered, even although the superintendent and general manager who actually supervises the work is a duly registered plumber. Bronold v. Engler, 121 App. Div. 123, 105 N. Y. Supp. 508, affirmed by Court of Appeals February 9, 1909, 194 N. Y. 323, 87 N. E. 427; Advance Sheets of March 29, 1909. A corporation is not specified by name in the statute, but within the meaning of registration acts the word "person" includes a corporation. People v. John H. Woodbury Dermatological Institute, 192 N. Y. 454, 85 N. E. 697. It appears, therefore, that under the statute a corporation cannot lawfully engage or carry on the trade, business, or calling of employing or master plumber in the city of New York, because it cannot be registered, since registration involves the holding of a certificate of competency, which could not well be given to a corporation. Being forbidden to engage in the business of plumbing, a corporation cannot recover for work done in violation of the statute. Johnson v. Dahlgren, 166 N. Y. 354, 59 N. E. 987; Bronold v. Engler, supra. It is suggested that the Building Code adopted by the board of aldermen, pursuant to section 647 of the New York City charter of 1897 (Laws 1897, p. 224, c. 378), and section 407 of the charter of 1901

(Laws 1901, p. 179, c. 466), and which is given the force of law, has made provision whereby a corporation may lawfully engage in the business of plumbing, providing the president, secretary, or treasurer of such corporation shall have been registered, as it appears that plaintiff's president was. It is true that the Building Code is given the force of law. Schnaier v. Navarre Hotel & Imp. Co., supra; City of New York v. Trustees of Sailors' Snug Harbor, 85 App. Div. 355, 83 N. Y. Supp. 442. But, although given the force of law, the Building Code remains nothing more than an ordinance, of which the court cannot take judicial notice, and which to be availed of must be pleaded and proved. Porter v. Waring, 69 N. Y. 254; City of New York v. Knickerbocker Trust Co., 104 App. Div. 223–230, 93 N. Y. Supp. 937. Since the Building Code was neither pleaded nor proven, it cannot avail plaintiff.

The sole question remaining to be considered is whether registration was a condition precedent to be alleged by plaintiff, or a defense to be pleaded by defendant. Whatever doubt there may have been upon the subject in the past seems now to be set at rest by the Court of Appeals in the very recent case of Wood & Selick v. Ball, 190 N. Y. 217, 83 N. E. 21. In that case the court had under consideration section 15 of the general corporation law, which provides that no foreign corporation, other than a moneyed corporation, shall do business in the state without having first procured from the Secretary of State a certain certificate. It was held that the procuring of such certificate was a condition precedent to the right to do business, and must, therefore, be alleged in the complaint and proven as part of the plaintiff's case. The statute now under consideration forbids any person (which includes a corporation) to engage in the plumbing business unless he or it shall have first registered. Thus registration is made a condition precedent to the right to engage in the business, and as such must be pleaded and proven as a part of the plaintiff's affirmative case, and the absence of such an allegation renders the complaint demurrable.

It follows that the determination of the Appellate Term must be affirmed and judgment absolute entered in favor of the defendant upon plaintiff's stipulation, with costs.

PATTERSON, P. J., concurs.

INGRAHAM, J. There can be no question as to the power of the Legislature to regulate the business of corporations; and, applying the principle established in Wood & Selick v. Ball, 190 N. Y. 217, 83 N. E. 21, it would seem that the complaint was defective in failing to allege that the plaintiff had obtained such a license as the statute requires to enable a corporation to engage in the business of plumbing. The objection was taken at the opening of the trial, and was never waived. Assuming, therefore, that we could take judicial notice of the Building Code of the City of New York, to enable the plaintiff to maintain the action, it was necessary to allege that the provision of subdivision—of section 141 of that Code had been complied with, and the complaint, therefore, failed to allege facts sufficient to constitute a cause of action. For that reason, I think the defendant was entitled

to a dismissal of the complaint, and it was not error for the Appellate Term to reverse the judgment.

I therefore concur in affirmance.

LAUGHLIN, J. (concurring). I am of opinion that it was not necessary to plead the provisions of the Building Code, which authorized the registration of a corporation. I think it would be sufficient to allege that plaintiff was duly registered under the law and authorized to do such work, and then upon the trial it could have sustained these allegations by offering the provisions of the Building Code in evidence and proving the registration. In all other respects I concur in Mr. Justice SCOTT'S opinion.

CLARKE, J. I concur in the result upon the ground that the question of the right of the plaintiff to recover was sharply and squarely raised at the commencement of the trial. It became the duty of the plaintiff to support its cause of action by proof that, although a corporation engaged in the business of plumbing, it had capacity to sue. It is claimed that subdivision 3 of paragraph 25 of the Building Code of the city of New York provides legal authority, and that the necessary acts there prescribed had been performed.

In William Messer Co. v. Rothstein, 129 App. Div. 215, 113 N. Y. Supp. 772, which involved the same question as the case at bar, the point of want of capacity to sue was raised for the first time on appeal in this court. Under such circumstances, it was our duty, in support of the judgment, to consider evidence which might have been supplied if timely objection had been made. No such case is here. The Building Code is an ordinance, and must be offered in evidence. The point having been raised at trial, the plaintiff may not ask us to supply evidence which it was its duty to furnish. I do not agree to the proposition that corporations duly organized under our laws cannot in any event engage in plumbing in the city of New York. But, for the reason stated, I agree that the order of the Appellate Term should be affirmed.