### GITLIN v. STONE.

(Supreme Court, Appellate Term.   December 8, 1910.)

EVIDENCE (§ 513*)—EXPERT EVIDENCE—ADMISSIBILITY.

　　Where, in an action for work performed, defendant alleged that the work was plumbing work, and that plaintiff was not a plumber, and had not complied with the laws of the building and tenement house departments of the city of New York, and therefore could not recover, and it was impossible to determine from the items sought to be proved what was and what was not plumbing work, expert testimony that the work performed was plumbing work was admissible.

　　[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 513.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action for work, labor, services, and materials furnished by Meyer Gitlin against Abraham Stone. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Nathan H. Stone, for appellant.
Herman B. Goodstein, for respondent.

GAVEGAN, J. The defendant contends that the work performed by plaintiff was "plumbing" work, and that, inasmuch as plaintiff is concededly not a plumber and has not complied with the laws of the building and tenement house departments of the city of New York, he cannot recover for the work performed. Schnaier v. Grigsby, 132 App. Div. 854, 117 N. Y. Supp. 455.

At the trial defendant offered to prove by expert testimony that the work performed was "plumbing" work, but the trial judge refused to receive the evidence. It is impossible to determine, from the items sought to be proved, what is and what is not plumbing work, and it was error to exclude evidence on that point; it being a question of fact. Johnston v. Dahlgren, 166 N. Y. 354, 59 N. E. 987.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.