### ISRAEL v. WILSON.

#### (Supreme Court, Appellate Term.   April 9, 1912.)

LICENSES (§ 39*)—LEGALITY.

    A plumber, who is not duly licensed and registered, and had never received a certificate of competency from the examining board of plumbers, as required by General City Law (Consol. Laws 1909, c. 21) § 45, cannot maintain an action on a plumbing contract.

    [Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 76–78;  Dec. Dig. § 39.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Joseph Israel against Max S. A. Wilson.   From a judgment for plaintiff, defendant appeals.   Affirmed, as modified.

Argued March term, 1912, before GUY, LEHMAN, and BI-JUR, JJ.

Nathan Waxman, for appellant.

Isaac Cohen, for respondent.

GUY, J.   Plaintiff sues to recover for work, labor, and services, and materials furnished defendant at an agreed price.

On the trial, plaintiff introduced evidence as to three separate agreements, for plumbing work, aggregating $194.   This evidence was ob-

jected to by defendant's counsel, on the ground that plaintiff concededly was not a duly licensed or registered plumber, and had never received a certificate of competency from the examining board of plumbers, as required by section 45 of article 4 of the General City Law (Consol. Laws 1909, c. 21), a re-enactment of chapter 327, art. 3, Laws 1900. This objection was overruled, and an exception taken by defendant.

At the close of the case, defendant moved to strike out all of the testimony in support of the plaintiff's several claims for plumbing, on the ground that the contracts were illegal, and plaintiff could not maintain an action based on such contracts. This motion was denied.

It has been repeatedly held that an action cannot be maintained on contracts of this character, where the contractor is not a duly licensed or registered plumber, or has not obtained a certificate of competency, as required by the statute. See Wexler v. Rust, 144 App. Div. 296, 128 N. Y. Supp. 977; Schnaier & Co. v. Grigsby, 132 App. Div. 854, 117 N. Y. Supp. 455, affirmed on opinion below 199 N. Y. 577, 93 N. E. 1125; Bronold v. Engler, 194 N. Y. 323, 87 N. E. 427, 21 L. R. A. (N. S.) 176.

The judgment must therefore be modified, by reducing it to $212.25 and appropriate costs in the court below, and, as so modified, affirmed, without costs of appeal to either party. All concur.