(S9 Misc. Rep. 440)

## GOTTESMAN v. BARER et al.

(Supreme Court, Appellate Term, First Department. March 18, 1915.)

1. LICENSES 39—ACTION BY LICENSEE FOR COMPENSATION—PLEADING.
    Under Greater New York Charter (Laws 1901, c. 466) §§ 415, 416, as amended by Laws 1913, c. 754, requiring master plumbers to register and receive certificates, one suing for services as a master plumber must allege such registration and possession of certificate; but if it does not appear on the face of the pleading that the work and services were those of a master plumber, but the evidence shows a contract as a master plumber and work under the contract, it is then incumbent to show registration in pursuance of the statute.
    [Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 76-78; Dec. Dig. 39.]

2. LICENSES 38—PLUMBERS' LICENSE—RESCISSION OF REVOCATION.
    Plaintiff sued to recover for services rendered as a master plumber, and showed that in 1912 he had received a license from the examining board of plumbers, which was revoked in May, 1913, for fraud in the examination and application, but that in April, 1914, the board's minutes recited that, plaintiff having submitted to a new examination in March, the board having gone over his examination papers and found him qualified, it authorized the issuance of a certificate, "and rescinds its prior action in refusing to issue the same." Held, that such action was, when read with the context, not a rescission, giving the certificate any effect during the period it was revoked, and he could not recover for services performed as a master plumber during such period.
    [Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 74, 75; Dec. Dig. 38.]

3. LICENSES 39—ACTION BY LICENSEES FOR COMPENSATION.
    Where plaintiff sued on an entire contract for labor and services, part of which were for those of a master plumber, when he held no certificate as a plumber, the entire contract was invalid, and plaintiff could not recover on such part as was not for plumbing work.
    [Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 76-78; Dec. Dig. 39.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Morris Gottesman against Isaac Barer and another. From a judgment for plaintiff, defendants appeal. Reversed, and complaint dismissed.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Joseph B. Boudin, of Brooklyn, for appellants.
Samuel Hellinger, of New York City, for respondent.

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

GUY, J. The complaint was framed for a balance alleged to be due for work, labor, and services. The evidence introduced to establish the plaintiff's case showed that as a master plumber he performed the work in question between January 12 and February 6, 1914, in the improvement of the defendants' real property in the borough of Brooklyn, city of New York.

Sections 415 and 416 of the Greater New York Charter, as added thereto in 1913 (Laws 1913, c. 754), provide that once in each year every master plumber shall register his name and address at the office of the bureau of buildings in the borough of the city in which he performs work, and thereupon he shall be entitled to receive a certificate of registration, if he holds a certificate from the examining board of plumbers of said city and is a citizen of the United States; that it shall not be lawful for any person to engage in, perform, or carry on the trade or business or calling of employing or master plumber in the city of New York, unless such person shall have been registered as therein provided.

[1] This statute is a substantial re-enactment of chapter 803 of the Laws of 1896, and it was held in Milton Schnaier & Co. v. Grigsby, 132 App. Div. 854, 117 N. Y. Supp. 455, an action which construed the 1896 statute, that such registration was a condition precedent to the right to engage in the business of master plumber, and must be pleaded and proven as a part of the plaintiff's affirmative case in an action to recover for plumbing work. This decision was affirmed by the Court of Appeals (199 N. Y. 577, 93 N. E. 1125) upon the opinion of Mr. Justice Scott in the Appellate Division.

The complaint in this action was not demurrable because, although no allegation was made of registration in pursuance of the statute, it did not appear on the face of the pleading that the work, labor, and services for which recovery was sought were those of a master plumber; but when the plaintiff's evidence showed that he had made a contract as a master plumber, and that the work under such contract, for which he sought a recovery, was performed by him in the borough of Brooklyn, it was incumbent upon him to go further and prove registration in pursuance of the statute.

By reason of the plaintiff's failure to make such proof, no cause of action was established, and the complaint should have been dismissed. Milton Schnaier & Co. v. Grigsby, supra. And see Wood & Selick v. Ball, 190 N. Y. 217, 83 N. E. 21; Johnston v. Dahlgren, 166 N. Y. 354, 59 N. E. 987.

[2] The plaintiff's testimony shows, however, that in June, 1912, he received a license from the examining board of plumbers (see sections 1573 and 1574 of the Greater New York Charter, added by chapter 755 of the Laws of 1913); that on May 9, 1913, the board revoked his license for fraud in passing the examination upon which the certificate was issued and for making false statements in his application; that in July, 1913, upon the plaintiff's application, the board declined to issue a certificate to him because of his fraud in the examination, but that on April 22, 1914, several months after the perform-

ance of the work in question, the board, as shown by the minutes of its meeting on that day, took the following action:

"The following named persons having submitted to a new examination in March, and the board having gone over their examination papers and having found them to be qualified to engage in business as master plumbers, it hereby authorizes the issuance of their certificates and rescinds its prior action in refusing to issue the same: Morris Gottesman, 117 Columbia street, Manhattan," etc.

Not only, therefore, did the plaintiff fail to prove the essential element of registration in his effort to establish a cause of action, but his own testimony showed affirmatively that between May 13, 1913, and April, 1914, he had no plumber's license, so that he had no license at the time he made the contract and did the work in question.

It is clear that the so-called rescission of the action of the board, mentioned in the minutes of its meeting of April 22, 1914, when read in connection with the context, was really no rescission; it was merely a change of action by the board, based on the fact that since the prior refusal in July, 1913, to reissue a certificate, the plaintiff had passed a new examination.

[3] It is claimed by the appellants that some of the work done by the plaintiff was not plumbing work, and therefore the statute is inapplicable. To this contention it is a sufficient answer that the contract sought to be enforced was an entire contract, so that, if void in part, it is void altogether. See Johnston v. Dahlgren, 166 N. Y. 354, 59 N. E. 987; Rose v. Truax, 21 Barb. 361; Saratoga County Bank v. King, 44 N. Y. 87; Meguire v. Corwin, 101 U. S. 108, 112, 25 L. Ed. 899.

It follows that the judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs. All concur.