Nu-Brass Plumbing & Heating, Inc., Respondent, *v.* Ralph H. Wiener et al., as Copartners, Doing Business Under the Name of Freehold Investments, Appellants.

First Department, January 25, 1968.

*Ralph H. Wiener* for appellants.

*Donald F. Mohr* of counsel (*Schutzer & Mohr*, attorneys), for respondent.

Steuer, J. While we are in accord with the decision of Special Term and with the reasons assigned by the learned court, the unusual situation and problem presented call for some notice. Plaintiff sues for the balance due on a written contract for plumbing work. We agree with the conclusion that no issue is presented as to the contract or its performance. The only substantial question is whether the plaintiff is barred from suing to recover.

No one but a duly licensed master plumber may engage in the trade (Administrative Code of City of New York, § 561-1.0). Corporations are not licensed as master plumbers but a corporation may so engage provided 51% of its stock is held by a licensed plumber or licensed plumbers (General City Law, § 45-a). The stock of the plaintiff corporation is ostensibly owned by one Jacob Geller, who is a licensed plumber. The ownership, though technically established, is patently sham. Mr. Geller, who was 76 years of age at the time, was the record holder of 51% of the issued shares. However, before being issued those shares he

signed an employment agreement terminable on three months' notice in which he agreed to surrender his stock for what he paid for it, which in fact was nothing. In the meantime he could not transfer his stock, and the above redemption privilege was exercisable by the corporation on his death. He further agreed to vote for the nominees of the minority stockholders for officers and directors. For his services he received $125 per month and derived no other moneys from the corporation. He did visit the jobs undertaken by the corporation briefly, including a visit of a few minutes' duration to the job in suit. Plainly, the corporation is merely using Geller's license to give a color of legitimacy to the corporation's activity. This is illegal. (Administrative Code, § C26-210.0, subd. e.)

We believe, however, that the concerned administrative authorities are the only ones empowered to correct this situation. The plaintiff enjoyed their imprimatur at all relevant times and it does not lie in the mouth of defendants to question that license. It is different where the corporation or the individuals doing the work are unlicensed (*Bronold* v. *Engler,* 194 N. Y. 323). The existence of the license is a condition precedent to recovery (*Johnston* v. *Dahlgren,* 166 N. Y. 354). But the fact that the licensing authorities acted improperly or improvidently does not negate the license and its revocation cannot be assumed or grounds for it urged collaterally.

The order and judgment should be affirmed, with costs.

STEVENS, J. P., TILZER, McGIVERN and McNALLY, JJ., concur.

Judgment unanimously affirmed with $50 costs and disbursements to the respondent.