COLOGA VITANZA et al., Doing Business as V.C. VITANZA SONS, Appellants, v CITY OF NEW YORK et al., Respondents.

Second Department, May 12, 1975

*Morris Weissberg* and *N. George Turchin* for appellants.

*Adrian P. Burke, Corporation Counsel (Martin H. Selman* and *L. Kevin Sheridan* of counsel), for City of New York and others, respondents.

*Cunningham & Kaming, P.C. (Joseph S. Kaming* and *Marc S. Krieg* of counsel), for Association of Contracting Plumbers of the City of New York, Inc, respondent.

CHRIST, J. We are called upon to decide whether a partnership not licensed as a plumber in the City of New York may be awarded the plumbing part of a public works contract with the city (General Municipal Law, § 103). It is our opinion that, on the facts in this case, the city was correct in refusing to enter into the plumbing contract with the plaintiffs, who now seek damages against the city.

The Association of Contracting Plumbers of the City of New York, Inc. was granted leave to intervene as a party defendant. The Special Term, after finding that the contract in question was specifically designated as a contract for plumbing

work, treated the association's cross motion to dismiss the complaint as one for summary judgment and granted the motion, dismissing the complaint in its entirety.

The plaintiffs comprise a partnership doing a general contracting business under the name of V. C. Vitanza Sons and will be referred to herein as the plaintiff.

In accordance with the statute requiring contracts for construction of certain public structures to be let in three parts: plumbing and gas fitting, heating and ventilating, and electrical wiring and lighting (General Municipal Law, § 101), the New York City Department of Parks received bids for the plumbing contract. The plaintiff was the successful low bidder. The specifications or general conditions of the contract require that all local, State and Federal laws, rules and regulations must be complied with. The plaintiff represented that it would not sublet any portion of the work and that it owned general plumbing tools to do the proposed work.

On April 26, 1973 the Parks Department notified the plaintiff, in writing, that the contract had been awarded to it. Thereafter the plaintiff notified the city that, since only a portion of the work involved plumbing, it would employ a licensed master plumber to supervise the plumbing part of the contract. The city rejected that proposal, whereupon the plaintiff sought to sublet the plumbing work to a licensed master plumber. On May 21, 1973 the award letter was rescinded on the ground that the plaintiff was not a licensed master plumber. On June 7, 1973 the contract was awarded to the next lowest bidder, who has completed the job. The plaintiff now seeks to recover only damages, although the demands in the complaint were broader.

In support of its position, the plaintiff has shown that, although the architect's cost estimate was $70,140, its bid price was lower. The plaintiff's bid totaled $66,666, broken down, as required by the contract, to $40,000 for equipment and material and $26,666 for installation. It estimates in fact that the plumbing work alone constitutes approximately 70% of the total amount of that portion of its bid which was for installation, which amount, in turn, is $18,666, or approximately 28% of the total bid price. In view of the fact that the contract allows subletting up to 65% of the contract price, the plaintiff claims that it should have been allowed to subcontract the plumbing *work.*

The plaintiff also notes that although the statute is silent,

the Administrative Code of the City of New York expressly permits the performance of plumbing work "under the direct supervision of a person licensed as a master plumber" (Administrative Code of City of New York, § B26-2.0), and urges that since the notice to bidders gave no warning that only licensed master plumbers could bid, it should not be disqualified.

Article 4 of the General City Law, which is equally applicable to public and private buildings, mandates that all plumbing be performed by persons authorized by the local Examining Board of Plumbers (§§ 40-a, 45, 46, 53) and prescribes the conditions under which a person may conduct the business of a plumber or of plumbing as an *employing or master plumber.* A domestic corporation is permitted to conduct the business of a plumber or master plumber if the owners of at least 51% of the corporate stock are officers of the corporation and if each of these officers is the holder of a certificate of competency (General City Law, § 45-a). In New York City, this privilege has been extended to a partnership on the same terms (Administrative Code, § B26-1.7). Under the Administrative Code (§ B26-1.0), it is unlawful for any person to engage in any business, trade or calling regulated by the pertinent title (Title B) without having first obtained a license therefor in accordance with the provisions of the title.

The courts have been adamant in their refusal to permit recovery under a contract to do plumbing work where the contractor is not licensed. Existence of the license has been termed a condition precedent to recovery *(Johnston v Dahlgren,* 166 NY 354; *Nu-Brass Plumbing & Heating v Wiener,* 29 AD2d 172). So strict has been judicial construction of the statutory requirement through concern for the public health and welfare (see *People ex rel. Nechamcus v Warden,* 144 NY 529), that the requirement may not be satisfied by employing or subletting the plumbing work to a licensed master plumber. Recovery on such a contract has been denied even where a licensed master plumber was employed as manager of the firm *(Bronold v Engler,* 194 NY 323). Further, one licensed as a plumber in one community may not recover under a contract for plumbing work performed in a neighboring community where he holds no license, although the work was actually performed by an *employee* or *subcontractor* licensed in the community in which the work was done *(Wexler v Rust,* 144 App Div 296; *Weinstein v Silberfeld,* 116 NYS2d 471). No distinction is made between labor and materials, recovery

being denied for both *(Bronold v Engler, supra; Weinstein v Silberfeld, supra; Bloom v Saberski,* 8 Misc 311).

An exception is made where a builder contracts to erect a structure, including the plumbing work, for an all-inclusive sum and the plumbing work may be considered "the mere incident of a larger work" *(Bronold v Engler, supra,* p 325). However, that situation cannot arise under the statutory scheme for municipal construction. In a contract where the entire cost of the work exceeds $50,000, as in this case, the law requires separate specifications for the plumbing part of the job; plumbing cannot be included as an incident of the larger work.

The scheme and the pattern of the licensing statute is to prohibit one who is not licensed from performing or contracting to perform plumbing work. In this case the unlicensed plaintiffs seek the privilege of contracting to do plumbing work when, in fact, they have no license to do such work. They are not helped by the hiring of or subletting to a licensed plumber, for they cannot themselves contract to do this specialty. In letting out a plumbing contract the city must necessarily rely upon the competency of the contractor. It is his expertise and responsibility which will determine the character of the work. He must be licensed to do the plumbing. In holding that the statutory requirement was not satisfied by the employment of a licensed master plumber as manager of the business, the Court of Appeals, in *Bronold v Engler (supra,* p 325), said: "It is not the manager but the plaintiffs who are the responsible heads of the business; not he, but they, are liable for defective work or improper plumbing. They, not he, have the continuous power to determine what journeymen plumbers shall be employed to do the work and how it shall be done, and he himself might be at any time discharged. His connection with the work depends on the continuing pleasure of the plaintiffs." This reasoning is equally applicable to the subletting of the plumbing work.

A general contractor who is not a licensed plumber may not be awarded a municipal plumbing contract. On the finding by the Special Term that the contract was a contract for plumbing work, rescission of the award was proper and the plaintiff cannot recover monetary damages (see *Lindner Appraisal Corp. v Frewil Corp.,* 72 Misc 2d 1041, 1044).

Accordingly, the judgment should be affirmed insofar as appealed from, with costs.

LATHAM, Acting P. J., COHALAN, BRENNAN and MUNDER, JJ., concur.

Judgment of the Supreme Court, Kings County, entered June 24, 1974, affirmed insofar as appealed from, with costs.