OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
Defendant contracted with plaintiff for design and other services. At the time of the contract defendant knew that plaintiff was not a New York State licensed engineer; however, all of the engineering designs furnished by plaintiff bore the seal of a professional engineer who was either employed by or was associated with plaintiff. After making some payments on the contract, defendant refused to finish paying and asserted that his contract with plaintiff was illegal and, therefore, void. Plaintiff, thereafter, commenced the instant action to recover payment for services rendered.
Education Law § 7202 states that only “a person licensed or otherwise authorized under this article shall practice engineering or use the title ‘professional engineer’,” and only a professional corporation exclusively comprised of persons licensed to provide designated professional services may contract to engage in the practice of engineering (see, Education Law § 7209 [4]; Business Corporation Law art 15). In addition, Education Law § 7201 defines the practice of engineering as “performing professional service such as consultation, investigation, evaluation, planning, design or supervision of construction or operation in connection with any utilities, structures, buildings, machines, equipment, processes, works, or projects wherein the safeguarding of life, health and property is concerned, when such service or work requires the application of engineering principles and data.”
In Charlebois v Weller Assocs. (72 NY2d 587), the contract between the plaintiff and defendant, an unlicensed business corporation building contractor, expressly contained a requirement for licensed engineers to be separately retained to perform the design functions. The Court of Appeals found that, in view of the foregoing, the defendant’s unlicensed status did not violate the pertinent Education Law requirements or its underlying public policy.
*303 We note that a line of cases exists in which a strict view of the license requirement is taken. As noted by the Court in Charlebois (supra, at 593), however, “these cases do not erect an absolute per se rule. For example, an exception to the all- or-nothing decisional sanction tied to this statutory licensing prerequisite was recognized early in Bronold v Engler (194 NY 323). There, a builder who himself lacked a statutorily required license was allowed to contract for completion of a structure, including work requiring licensure, if a properly licensed party was retained to perform the regulated work.” The Court then distinguished American Store Equip. & Constr. Corp. v Dempsey’s Punch Bowl (174 Misc 436, affd without opn 258 App Div 794, affd without opn 283 NY 601) in which an unlicensed business corporation contracted for itself to prepare architectural plans and then remodel a building according to those plans without employing a licensed architect.
In the case at bar, defendant hired plaintiff even though he knew that plaintiff was not a licensed engineer. Defendant admits that all of the engineering services and designs provided by plaintiff bore the seal of a professional engineer who was either employed by or had an arrangement with plaintiff. The contract between the parties clearly delineates the payment schedule, the needs of each project, the structural design services, and is signed by a licensed engineer. In addition, plaintiff asserts that throughout his 15-year relationship with defendant it has been their course of conduct to have him employ licensed professionals, as needed, to complete the work requiring licensure.
In view of the foregoing, a question of fact exists as to whether that part of plaintiffs work which required a licensed engineer was the “mere incident of a larger work” he provided to defendant (see, Charlebois v Weller Assocs., supra, at 593, citing Bronold v Engler, 194 NY 323, supra), or did plaintiff (who is not a licensed engineer) primarily provide defendant with engineering services and merely hire licensed engineers to seal the designs. We find that the latter is a violation of the Education Law.
Floyd, J. P., Palella and Oshrin, JJ., concur.